THE STATE, Respondent, v. RAMELSBURG, Appellant.

1. Stealing committed in a dwelling-house is grand larceny irrespective of the value of the property stolen, and may be punished as such under the thirty-second section of the third article of the act concerning crimes and punishments. (R. C. 1855, p. 577.)

*Appeal from St. Louis Criminal Court.*

This cause was submitted to the jury upon the following among other instructions: "The distinction between grand and petit larceny lies in the value of the property stolen. Petit larceny is the larceny of goods under the value of ten dollars, and grand larceny is the larceny of property of the value of ten dollars and upwards; but property stolen from a dwelling-house is the subject of grand larceny without regard to value, if of any value."

*Wingate*, for appellant.

*Mauro*, (circuit attorney,) for the State.

I. Larceny committed in a dwelling-house is grand larceny without regard to the value of the article stolen. The section specifies no other punishment than imprisonment in the penitentiary. "May" is to be construed as "must or shall." (Sedw. on Stat. Law, 438; 9 Part. 390; 1 Pet. 64; 9 How. 248; 4 Gilm. 29; 7 Ind. 122.)

SCOTT, Judge, delivered the opinion of the court.

The defendant was arraigned on an indictment for stealing in a dwelling-house. He was found guilty and sentenced to the penitentiary.

The question raised on the trial was, whether, if personal property of less value than ten dollars is stolen in a dwelling-house, the thief can be convicted under the thirty-second section of the third article of the act concerning crimes and their punishments, which provides that if any larceny be committed in a dwelling-house or in any boat or vessel, or by stealing from the person in the night time, the offender may be punished by imprisonment in the penitentiary not exceeding ten years. The twenty-fifth section of the same article makes the stealing of personal property of the value of ten dollars and more grand larceny, which is punishable by imprisonment in the penitentiary. The thirty-first section, which immediately precedes that under which the de-

fendant was tried, makes stealing of personal property under the value of ten dollars petit larceny, an offence punishable by fine and imprisonment in the county jail.

As the section under which this indictment was framed immediately follows that defining petit larceny, and as the statute declares that if " any larceny" be committed in a dwelling-house, the offender shall be punished " by imprisonment in the penitentiary," it is obvious that the section embraces both grand and petit larceny. The same offence may be committed under circumstances which will greatly enhance its guilt. Property which is necessarily exposed to the depredations of offenders must be protected by severer punishment than that which may be guarded and protected. So those who would make a visit to a dwelling-house a screen to hide a theft, should be punished more severely than one who would steal the same thing found in a place calculated to create a temptation to do the act. The one act is indicative of a much more depraved disposition in the offender than the other. The judgment is affirmed. Judge Ewing concurs; Judge Napton absent.