The State v. Brown.

THE STATE v. BROWN, *Appellant*,

| 75 | 317 |
| 98 | 288 |

| 75 | 317 |
| 105 | 533 |

| 75 | 317 |
| f156 | 260 |

| 75 | 317 |
| 91a | 150 |

| 75 | 317! |
| 97a | 1320' |

1. **Practice**: PRESUMPTIONS. In the absence of evidence to the contrary, it is always presumed that the proceedings of a court of general jurisdiction have been taken in conformity to law. Hence, where the record in a criminal case showed that the jury were permitted to separate pending the trial, but did not show affirmatively that this was without the defendant's consent; *Held*, that there was no ground for reversing the judgment.

2. **Larceny.** Stealing from a dwelling house is grand larceny, regardless of the value of the property stolen. See *State v. Butterfield, ante,* p. 297.

3. **Practice**: PRESUMPTIONS. When the evidence is not preserved in the bill of exceptions, this court will assume that it warranted the instructions given by the court and the verdict found by the jury.

4. **Larceny**: RECENT POSSESSION OF THE PROPERTY. Where a prisoner indicted for larceny, upon the trial offered no evidence of good character; *Held*, that an instruction which told the jury to convict, unless his recent possession of the stolen property was *explained* by the evidence, was correct. HOUGH and HENRY, JJ., dissent.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

This was an indictment for stealing from the dwelling house of one Cather property alleged to be of the value of $15. The second instruction given on the part of the State was to the effect that if the jury believed that defendant took, stole and carried away of the property men-

tioned in the indictment of any value whatever, in the dwelling of said Cather, and belonging to said Cather, they should find the defendant guilty of grand larceny. The fourth was as follows: If the jury believe from the evidence that soon after the commission of the offense charged in the indictment any portion of the property taken at the time of the commission of the offense was found in the possession of defendant, such possession is presumptive evidence of defendant's guilt, and if such possession of such stolen property is not satisfactorily explained by defendant, it will be conclusive evidence of his guilt; and the jury are further instructed that it devolves on the defendant to explain such possession.

*A. L. Thomas* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

I.

SHERWOOD, C. J.—We will not reverse the judgment because the record does not show that defendant consented to the separation of the jury. It is true that section 1909 of the General Statutes, provides that the court, "with the consent of the prosecuting attorney and the defendant * * may permit the jury to separate, * * except in capital cases." But that statute nowhere provides that the record shall recite the fact of consent given. In the absence then, of any objection appearing to the separation of the jury, the presumption will be that the necessary consent was given. Such presumptions always attend the acts and doings of courts of general jurisdiction. Since, then, the record is silent on the point, we will presume that the consent of the defendant was duly asked and obtained.

II.

There was no error in giving the second instruction

asked on behalf of the State, if there was evidence offered to support the allegation of the indictment that the property was stolen from a dwelling house; for in such cases, the larceny is grand, regardless of the value of the property, and is punishable by imprisonment in the penitentiary not exceeding seven years. R. S. 1879, § 1309; State v. Ramelsburg, 30 Mo. 26.

As the evidence has not been preserved in the bill of exceptions, we shall assume that the court would not have given an instruction relating to larceny from a dwelling house, nor the jury have found defendant guilty as charged, unless upon sufficient evidence.

## III.

The fourth instruction, given at the instance of the State, in reference to the recent possession of stolen property being presumptive evidence of the possessor's guilt, unless explained, etc., has always been the law of this State. State v. Kelly, 73 Mo. 608, and cases cited. No evidence having been preserved, and nothing to show that good character was established, the instruction was, doubtless, broad enough. We shall assume that it was, and that it conformed to the evidence.

Finding no error in the record, we affirm the judgment. All concur, except HOUGH and HENRY, JJ., who dissent as to the third paragraph in reference to the recent possession of stolen property.