The State v. Tucker.

84   23
66a 553

## THE STATE v. TUCKER, *Appellant.*

1. **Criminal Pleading**: INDICTMENT: ARSON. An indictment under Revised Statutes, section 1289, for arson of insured goods with intent to defraud the insurer need not charge that the insurer is authorized to do business in this state. Nor is it necessary on the trial to prove that the insurance company was legally incorporated, nor that the policy on the burned goods was valid.

2. **Criminal Practice**: EVIDENCE. It is sufficient for the state to show an organization *de facto*, and an acting as such corporation by the insurance company.

3. —— : ——. The mere procurement of the policy by the defendant from the company makes a *prima facie* case against him as to the validity of the policy.

4. **Supreme Court Practice**: BILL OF EXCEPTIONS: VENUE. On the appeal from the conviction of the arson, charged in this case, the bill of exceptions purported to contain the evidence only on the points whether the insurer was a corporation and had authority to issue the policy of insurance; *held*, the Supreme Court will presume that the proof as to the venue and other essential elements of the offence was duly made on the trial.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

**AFFIRMED.**

*B. G. Boone*, Attorney General, and *L. M. Lane*, prosecuting attorney of Nodaway county, for the state.

The evidence is preserved in the bill of exceptions only on one point, viz. : the authority of the insurance company to do business in this state, and the presumption is that the evidence upon all other points was sufficient and the venue was proved. *Foster v. Newlin*, 4 Mo. 18; *Barge Resort v. Brook*, 10 Mo. 531; *Douglass v. Stephens*, 18 Mo. 362; *State v. Dunn*, 73 Mo. 586; *State v. Brown*, 75 Mo. 317.

*W. W. Ramsay* and *Frank Griffin* for appellant.

(1) The record fails to show that the venue was proved and the judgment should, therefore, be reversed. *State v. Hartnett*, 75 Mo. 251; *State v. McGinnis*, 74 Mo. 245; *State v. Meyer*, 64 Mo. 190; *State v. Hughes*, 71 Mo. 633. The bill of exceptions should show every jurisdictional fact. (2) The record fails to show proof of the *corpus delicti*. The body of the crime must be proven. Wharton's Crim. Ev., sec. 324, *et seq.*; *State v. Mallon*, 75 Mo. 357; *State v. Meyers*, 68 Mo. 266. (3) The trial court erred in admitting oral evidence of the power of the Glenn Falls Insurance Company to do business in this state. (4) The indictment is insufficient in not alleging that said insurance company was authorized to do business in Missouri.

SHERWOOD, J.—This cause has been re-argued. The indictment is based on section 1289, Revised Statutes, 1879, which makes it arson in the third degree for any person to "wilfully set fire to or burn    *    *    *    any goods, wares, or merchandise, or other chattels, which shall at the time be insured against loss or damage by fire, with intent to defraud or prejudice the insurer," etc.

I. The indictment is well enough, since it describes the offence in the language of the statute under which it

is framed, and charges the defendant with the commission of the particular act which constitutes a violation of the general provisions of the section, under which the indictment is framed, and under this section, it is wholly immaterial whether the indictment charges that the insurer is authorized to do business in this state or not; such an averment would be outside of the constituent elements of the crime as set forth in the statute. The *gravamen* of the offence consists in the setting fire to or burning of certain property, with intent to defraud or prejudice the insurer. This point will be more fully developed in the next paragraph of this opinion.

II. Section 1915 of the statute allows the existence of a corporation, when drawn in question in a criminal cause, to be proved by "general reputation." But it was not necessary to prove on the trial that the Glenn Falls Insurance Company was legally incorporated, or that the policy issued by that company was valid; upon this the guilt of the defendant did not depend, but upon the question whether he did, as charged in the indictment, wilfully set fire to and burn certain articles insured at the time against loss or damage by fire, with intent to defraud and prejudice the insurer. In public prosecutions for crime to which an insurance company is no party, where its existence is simply introduced collaterally as having suffered injury in consequence of the crime charged, there it suffices that the prosecutor show the organization *de facto* of, and an acting as such by, the insurance company and corporation. And it has been ruled that the mere procurement of a policy by the prisoner from the company, makes out a *prima facie* case against him on that point. *U. S. v. Amedy*, 11 Wheat. 392; *People v. Hughes*, 29 Cal. 257. It is the felonious intent to defraud the insurer, which is the salient characteristic of the crime here charged; the validity or invalidity of the organization of the corporation and of the policy which it issues were merely collateral matters. *McDonald v. People*, 47 Ill. 533;

*Mackesey v. People*, 6 Parker 114. The testimony of the agent was, therefore, perfectly competent.

III. The point was successfully made by defendant on the first hearing (Ray, J., writing the opinion of the Court), that no venue is shown by the bill of exceptions, to have been proved at the trial, and that consequently the judgment should be reversed. The bill of exceptions does not pretend to state that it contains *all* of the evidence; on the contrary, it very pointedly shows that the testimony of the agent on the point already mentioned, was all of the testimony which was preserved, the bill of exceptions stating that, "this was all the evidence to show that the Glenn Falls Insurance Company was a corporation, or had authority to issue the policy of insurance." This recital thoroughly excludes the idea that all of the evidence was preserved. This being the case, we are as much bound to presume that there was evidence offered at the trial, showing the venue of the crime as we are to presume that on that occasion other necessary ingredients of the crime charged were proven, and this we are bound to do, in circumstances like the present, unless we overturn one of the most ancient and salutary presumptions which pertains to the acts and doings of courts of general jurisdiction; a presumption which with equal potency obtains as to the proceedings of such courts, whether those proceedings be criminal (*State v. Brown*, 75 Mo. 317), or whether they be civil. *Huxley v. Harrold*, 62 Mo. 516. If the bill of exceptions in this case had professed to have preserved all of the evidence, and from that nothing appeared to show that the crime of defendant was perpetrated in Nodaway county, then the cases cited by counsel for him would be applicable; for then there would be no room for the indulgence of presumptions.

The judgment of the circuit court, which was erroneously reversed, we now affirm. All concur.