The State v. Stevenson.

THE STATE v. STEVENSON, *Appellant.*

1. **Practice, Criminal**: JURORS: PEREMPTORY CHALLENGES BY DEFENDANT. A defendant, on trial for mayhem, under Revised Statutes, section 1261, is only entitled to a panel of twenty-four qualified jurors from which to select a jury, and is only entitled to eight peremptory challenges. R. S., sec. 1900.

2. ———: CONTINUANCE. To entitle a defendant to a review in the appellate court of the action of the trial court in overruling

his application for continuance, he must except to such action at the time.

3. ——— : ——— : PRESUMPTION. Where an application for a continuance is not set forth in the record, it will be presumed that the action of the trial court in overruling it was proper.

*Appeal from Jefferson Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*Tatum & Phillips* for appellant filed no brief.

*B. G. Boone,* Attorney General, for the state.

(1) The court did not err in restricting the number of qualified jurors, from which the panel was to be selected, to twenty-four. The punishment for mayhem is not exceeding twenty-five years imprisonment in the penitentiary. R. S., sec. 1261. In felonies, where the maximum term of imprisonment is stated in the statute, the defendant is entitled to eight and the state to four peremptory challenges. R. S., secs. 1900 and 1902. (2) There is nothing preserved in the record proper, nor do objections appear in the bill of exceptions, relative to the overruling of a motion for a continuance, hence the trial court's action thereon cannot be reviewed. The unsupported allegation in the motion for a new trial, that the court overruled an application for a continuance, is not sufficient to enable this court to determine whether or not the trial court erred. In the absence of an express showing that the defendant was prejudiced, or that some rule of law was violated, the action of trial courts will be presumed to be correct. *State v. Sullivan,* 51 Mo. 522 ; *State v. Brown,* 75 Mo. 317 ; *State v. Tucker,* 84 Mo. 23.

NORTON, C. J.—Defendant was tried in the Jefferson county circuit court, at its January term, 1886, under an

indictment, charging him with putting out one of the eyes of Jacob Dehle, on purpose and with malice aforethought, by shooting him with a gun or pistol. The trial resulted in his conviction, and he was sentenced to imprisonment in the penitentiary for twelve years. From this judgment the defendant has appealed, and the first ground relied upon to sustain his appeal is that the trial court refused to empanel thirty qualified jurors, from which twelve men were to be chosen to try the case. In other words, defendant claimed that he was entitled to twelve peremptory challenges and the state to six. This claim the court disallowed, and empaneled twenty-four qualified jurors, instead of thirty, as claimed by defendant, and to this action of the court defendant excepted. We are of the opinion that the court did not err in this ruling, for the following reason: The indictment is based on section 1261, Revised Statutes, which provides that any person convicted of the offence therein designated, shall be punished by imprisonment in the penitentiary for a term not exceeding twenty-five years. It is provided by section 1900, Revised Statutes, as follows: "The defendant, in every indictment for a criminal offence, shall be entitled to a peremptory challenge of jurors in the following cases: First, if the offence charged is punishable with death, or by imprisonment in the penitentiary not less than for life, to the number of twenty, and no more; second, if the offence be punishable by like imprisonment, not less than a specified number of years, and no limit to the duration of such imprisonment is declared, to the number of twelve, and no more; third, in any other case punishable by imprisonment in the penitentiary, to the number of eight, and no more; fourth, in cases not punishable with death or imprisonment in the penitentiary, to the number of four, and no more." Inasmuch as section 1261, on which the indictment was found, fixes a limit to the duration of the imprisonment for the offence named in it, it is apparent

that the number of challenges to which defendant was entitled is eight, and no more, as provided in the third subdivision of section 1900, above quoted.

It is also set forth as one of the grounds for a new trial, in the motion made for that purpose, that the court erred in overruling defendant's application for continuance. While the record shows that the court refused a continuance, it does not show either that any exception was taken to the ruling, nor does it set forth the application for a continuance. Even if an exception had been taken, as the application is not set forth in the record, the presumption must be indulged that the action of the court in overruling it was proper. *State v. Brown*, 75 Mo. 317 ; *State v. Tucker*, 84 Mo. 23.

The evidence on the part of the state tended strongly to show that defendant deliberately and wilfully, without cause, shot Dehle, putting out one of his eyes, thereby rendering him totally blind, he having previously lost the sight of his other eye. The evidence of defendant, as given by himself, tends to show a case of shooting in self-defence. The instructions given by the court fairly presented the case to the jury on the respective theories, which the evidence tended to establish, and we have discovered nothing in the record justifying an interference with the judgment, and it is, therefore, affirmed. All concur.