STATE OF MISSOURI, Respondent, v. D. F. BAKER,
Appellant.

St. Louis Court of Appeals, April 16, 1889.

1.  **Practice, Trial:** RE-OPENING EVIDENCE.   Whether a party will
be permitted, after he has closed his case, to re-open it for the
purpose of giving some additional evidence, is a question resting
in the sound discretion of the trial court.   The rule applies as well
to criminal as to civil cases.

2. **Evidence:** LOCAL OPTION LAW. Records of the county court were admitted in evidence to show that the "local option law" had been adopted in Ozark county. They did not show affirmatively that the petition was signed by one tenth of the voters of the county outside of cities or towns having twenty-five hundred or more inhabitants, nor did they show that there were or were not any such cities or towns in the county. *Held:* There was no failure of jurisdiction in the county court for want of proper averments in its record, and the trial court did not err in admitting the evidence.

3. **Evidence:** OBJECTIONS. Objections to evidence are not available on appeal or error, unless the particular ground of objection is set out in the record.

4. **Evidence:** PUBLICATION: LOCAL OPTION LAW. The prescribed publication of the result of a local option election is not required to be proved in any particular form or manner. It may be established by the oral testimony of the publisher, or of any competent witness.

5. **Instructions:** INDICTMENT: EVIDENCE. Where the indictment charged the defendant with selling alcohol, and uncontroverted proof was that he did sell alcohol, as charged, there was no prejudicial error in an instruction which held him liable for the selling of either alcohol or whiskey.

6. **Selling Intoxicating Liquors:** EXCEPTION. A person indicted for selling intoxicating liquor cannot avail himself of the exception in favor of licensed druggists or pharmacists, who may furnish pure alcohol for medicinal, art, scientific, or mechanical purposes, when it is not shown either that the defendant was a licensed druggist or pharmacist, that the article sold was pure alcohol, or that it was procured on a physician's prescription.

*Appeal from the Ozark Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Evans & Clarke,* for the appellant.

The court erred in overruling defendant's first demurrer to the evidence, the state having failed to make out a case, or establish by the records of the county court of said county, that the local option law had been adopted in Ozark county. The court also

erred in permitting the prosecuting attorney to re-open the case after resting or closing. The court erred in permitting the state to read the records of the county court in evidence, as the same do not show that a petition signed by one-tenth of the voters of said county, "outside of cities or towns having twenty-five hundred or more inhabitants," had been presented to the said county court. That the records of the county court do not affirmatively show that the said court ever acquired jurisdiction of the subject-matter, and its acts are therefore void. *Haggard v. Railroad*, 63 Mo. 302 ; *State v. St. Louis*, 1 Mo. App. 504, and cas. cit. ; *State ex rel. v. Scott*, 96 Mo. 72 ; *Railroad v. Young*, 96 Mo. 39. The court erred in permitting the state to introduce Alex. Conklin, publisher of the "Ozark County News," and by his oral evidence supply the deficiency in the county court records. *Maupin v. Franklin County*, 67 Mo. 327 ; *County of Johnson v. Wood*, 84 Mo. 489, and cas. cit. The court erred in giving instructions numbers 1 and 2, on part of the state. The indictment charges that the defendant, at a certain time, in said county, sold intoxicating liquors, to-wit, one pint of alcohol, and the jury are here instructed that they should convict if they believe, from the evidence, he sold either alcohol or whiskey. As the indictment charges the particular kind of intoxicating liquor, the proof and instructions should have been confined to that particular kind of liquor. Kelly Crim. Law, sec. 913.

THOMPSON, J., delivered the opinion of the court.

The defendant was indicted in the circuit court of Ozark county for selling intoxicating liquor, to-wit : One half pint of alcohol, to be used as a beverage, in violation of the act of the legislature known as the local option law (Acts of 1887, p. 179), which act, the indictment alleges, "was theretofore duly adopted in and for the said county, and was then and there in force in said county."

At the trial the state gave evidence of a witness to the effect that the defendant kept a drugstore at Bakerville, in Ozark county, and that on the tenth of February, 1888, the witness bought from the defendant a half pint of alcohol at the defendant's drugstore telling the defendant he wanted it for medical purposes, and getting the defendant to put some ginger and peppermint candy into it. The witness testified that he was sick and did want it for medicine, but he did not testify that it was prescribed by a physician. Another witness, a medical student, studying under his father who was a practicing physician, also purchased small quantities of alcohol of the defendant at his drugstore, but for medical purposes. With this evidence the state rested, and the defendant demurred to the evidence, which demurrer the court overruled. The court then permitted the prosecuting attorney to re-open the case and introduce to the jury the records of the county court, of Ozark county, showing the adoption of the so-called option law by a vote of the inhabitants of the county, at an election called by the county court in pursuance of the statute. The defendant objected to this evidence on the general ground that it was "incompetent and inadmissible."

He now urges that the court erred in allowing the state to re-open its case after it had closed, for the purpose of introducing this evidence. It is to be observed that, so far as the record shows, the defendant did not object to this proceeding ; and if he had made the proper objection and saved his exceptions, it would have been unavailing, for nothing is better settled than the rule that whether a party will be permitted, after he has closed his case, to re-open it, for the purpose of giving some additional evidence, is a question resting in the sound discretion of the trial court. 1 Thomp. Tr., sec. 348, and numerous cases cited. The rule applies in criminal cases the same as in civil cases. *Webb v. State*, 29 Ohio

St. 351 ; *Rheinhart v. State*, 14 Kan. 322 ; *Com. v. Ricketson*, 5 Metc. (Mass.) 428. In *Tierney v. Spiva*, 76 Mo. 279, where previous cases on the subject in this state are reviewed, it was held that the trial court does not abuse its discretion in re-opening the case to let in further evidence on the part of the plaintiff, even after a demurrer to the evidence has been sustained, where it appears that the evidence has not been kept back by a trick, or for any unfair purpose ; and in this last case the judgment was reversed, because of the refusal of the court so to do. The next objection is, that the court erred in permitting the state to read the records of the county court in evidence, because they do not show, on their face, that the petition to the county court, under which the election was ordered, was signed by one-tenth of. the voters of the county, *outside of cities or towns having twenty-five hundred or more inhabitants*, as required by the statute. Upon this premise it is argued that the record of the county court affirmatively fails to show that the court ever acquired jurisdiction to order the election, and that the election was, therefore, void, and the statute not adopted in Ozark county. It seems a sufficient answer to this that no evidence was offered tending to show that there is any city or town in Ozark county containing twenty-five hundred inhabitants or more. We might not, perhaps, be able to take judicial notice of the fact that there is no such town in that county, although we may personally know that there is not ; but we will not presume that there is, for the purpose of overthrowing the jurisdiction of the county court. If there is no such town in Ozark county, there would be something incongruous, and perhaps misleading, in the county court pursuing the very language of section 1 of the statute in making the order of election. We think that the principle invoked, that the record of an inferior tribunal, such as the county court, must affirmatively show its jurisdiction, does not require its

record to negative a fact which may not have existed and probably did not exist.

Aside from this, it nowhere appears that this precise objection was taken in the court below. An objection on the general ground that evidence is incom-petent and inadmissible, which was the only objection taken in this case, would not bring this question to the attention of the opposite party or of the court; and if it had been brought to the attention of the opposite party we cannot doubt that the state would have proved at once that there is no town or city in Ozark county containing twenty-five hundred inhabitants. No rule of procedure is better settled in this state and elsewhere than the rule that objections to evidence will not be available on appeal or error unless the particular ground of objection is set out. *Peck v. Chouteau*, 91 Mo. 138; *Shelton v. Durham*, 76 Mo. 434; *Primm v. Raboteau*, 56 Mo. 407; *Baier v. Berberich*, 85 Mo. 50.

It is next objected that the court erred in permitting the state to prove, by the oral testimony of the publisher of a newspaper called the *Ozark County News*, that the result of the election called, on the question of putting in force in Ozark county the local option law, had been published in that paper four times, once a week for four consecutive weeks, as required by section 5 of the statute. The statute nowhere provides the manner in which the fact of the publication shall be proved. It does not require that it shall be proved in any way to the county court, or that any proof of the publication shall be spread upon the records of the county court. In the absence of such a statutory requirement, we must hold that it is the *fact* of publication in the mode prescribed by the statute, and not any particular method of *proving* the fact which puts the statute in force ; and hence that it was competent to prove the fact by the oral testimony of a witness, as was done in this case.

It is next objected that the court erred in giving for the state the instruction numbered 1, which authorizes the jury to convict if they find that the defendant sold either alcohol *or whiskey*, the indictment charging a sale of alcohol merely. It is undoubtedly a general rule that it is error to submit to the jury a question not raised by the evidence. But it does not follow from this that such an error will, in all cases, be regarded as prejudicial. In this case the indictment charged the sale of a half-pint of alcohol. There was no conflict in the evidence that the defendant did sell to one of the witnesses a half-pint of alcohol. The prohibition of the statute, found in section 6 thereof, is against directly or indirectly selling, giving away, or bartering, in any manner, whatever, any kind of intoxicating liquors or beverage containing alcohol, in any quantity, whatever. Section 8 of the statute provides : " Nor shall anything herein contained prevent licensed druggists or pharmacists from furnishing pure alcohol for medicinal, art, scientific, and mechanical purposes." There was no evidence that the defendant was a licensed druggist or pharmacist. There was no evidence that the alcohol furnished to either of the witnesses was " pure alcohol." Although the witness who first testified stated that he procured the alcohol for medicine, yet there was no evidence that it was procured on a physician's prescription, but the evidence of the witness does not necessarily exclude the conclusion that it was intended to be drunk as a beverage. The case of the state was so plainly made out by the uncontradicted evidence that the jury could not have been misled by the inadvertence of inserting the word " whiskey " in the instruction in connection with the word " alcohol."

The judgment will be affirmed. All the judges concur.