THE CITY OF NEVADA to the use of R. S. GILFILLAN,
Appellant, v. SARAH L. MORRIS *et al.*,
Respondents.

Kansas City Court of Appeals, February 2, 1891.

1. **Municipal Corporations:** CITIES OF THE THIRD CLASS: SPECIAL TAX: EVIDENCE: PROOF OF PUBLICATION. The statute nowhere requires that the proof of publication of notice that bids are to be received for curbing and guttering, for which a special tax bill was issued, must be spread upon the record of the city council in cities of the third class, and it is the fact, rather than the method of proving it, which is essential; and, therefore, it is competent to prove the fact by oral testimony.

2. —— : —— : —— : ORDINANCE: APPORTIONING. After an ordinance has been duly passed authorizing the curbing and guttering of a street, and the work has been done according to contract duly let, no additional ordinance is required to authorize the apportionment of the cost of the improvement along the lots abutting on the street according to the foot frontage, but such duty, being ministerial, may be delegated to the clerk by resolution.

3. —— : —— : —— : EVIDENCE. Special tax bills are not only *prima facie* evidence of their own validity, but of the doing of the work and furnishing of the materials charged for, and of the liability of the property to the charge therein.

*Appeal from the Vernon Circuit Court.*—HON. D. P.
STRATTON, Judge.

REVERSED AND REMANDED.

*January & Lindley*, for appellant.

( 1 ) The tax bill made a *prima facie* case. R. S. 1889, sec. 1499. ( 2 ) The journal of the city council is intended as a record of the proceedings of the council, and acts of its clerk ought not be recorded there. ( 3 ) The fact that the journal of the city council did not affirmatively show the clerk had complied with the

order to advertise for bids was not of itself sufficient to overcome the *prima facie* case made by the tax bill ; but, conceding that it did, it was competent to prove the omission by parol testimony. 1 Dillon, Mun. Corp. [ 4 Ed.] secs. 300, 301. By referring to sections 1495, 1496, 1497 and 1498, Revised Statutes, 1889, relating to cities of the third class, it will be observed that before a property-owner can be charged with special tax for improvements of the kind involved in this case four jurisdictional steps must be taken by the city council, namely : *First.* An ordinance must be passed. *Second.* A resolution that the work is necessary, and publication of same. *Third.* An estimate of the cost of the proposed improvement made. *Fourth.* A contract for the work at a price not exceeding the estimate. When the council has complied with those four statutory requirements and the contractor has completed the work, he is entitled to his tax bill. There is an imperative duty on the part of the council to make the assessment and order the issue of bills. The obligation to make the assessment we believe to be merely a ministerial duty. The statute, section 1495, Revised Statutes, 1889, points out how the assessment shall be made, and there is nothing for the council to deliberate or legislate upon. The tax bill offered in evidence was *prima facie* evidence not only that the foregoing jurisdictional requirements had been complied with by the city, but *prima facie* evidence of the "validity of the bill, of the doing of the work and furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill."

*J. B. Johnson* and *Stone & Hoss*, for respondents.

(1) The judgment of the lower court should be affirmed on the evidence, for the records of the city show there was no estimate made for work to be done on the north side of block 3, but the estimate is for

work to be done on parts of Cherry, Cedar, Walnut and Washington streets, and there is nothing contained in this record indicating that the estimate in any way included the property described in the tax bill, which should affirmatively appear. (2) The judgment should be affirmed on the law for the reason that there was no ordinance levying the tax. See sections 1495 and 1596, Revised Statutes, 1889, which require an ordinance to levy these taxes, especially section 1496, which says such assessments as these "shall be levied and collected as a special tax. How, we ask ? The section above says such taxes shall be levied by ordinance. The assessment will not answer; there must be a levy. *City of Mexico v. Cauthorn*, 25 Mo. App. 285. Where the law requires an ordinance, a resolution is of no effect. *City of Cape Girardeau v. Fangree*, 30 Mo. App. 551. (3) There was no advertisement for bids, and, even if the court erred in refusing testimony to show that such advertisement was made, still the error was harmless, as the other defects are fatal to plaintiff's recovery. The argument of council as to the defects of the law might have some force before the legislature, but are lifeless and of no effect before this court. We deem it unnecessary to cite authorities to the court to the effect that in cases like this the law is construed strictly in favor of the taxpayer.

SMITH, P. J.—This was a suit on a tax bill. The petition stated that the council of the city of Nevada had duly passed an ordinance providing for curbing and guttering streets. The provision of the ordinance prescribed the kind of material and the manner of construction of the guttering and curbing. It is further stated that the ordinance required the city council to cause the city clerk to advertise in the paper, doing the city printing, for sealed bids for making such improvements, and to let the work to the lowest bidder. The various steps taken to entitle the relator to a special tax

bill against the defendant's real estate are specially set forth. The answer is a general denial.

At the trial the plaintiff introduced in evidence the special tax bill and rested its case. The defendants, to maintain the issue in their behalf, offered in evidence the record of the city council showing that the city clerk was instructed to advertise for bids for doing the curbing and guttering on certain streets, which included the work done and the material furnished for which the special tax bill was issued. It was further shown from the journal of the council, that a resolution had been passed, directing a special tax to be levied against certain real estate for the guttering and curbing the same, and that the city clerk make out a special tax bill against said real estate in the name of the owner thereof, in proportion to the front foot thereof, etc. The plaintiff admitted that the record of the council did not affirmatively show that the clerk had complied with the said order to advertise for bids. The plaintiff then offered in rebuttal to show that the city clerk in fact did advertise for bids in accordance with the requirements of the ordinance and the order of the city council, which offer was by the court rejected.

The plaintiff asked the court to declare the law of the case to be: *First.* That, under the law and evidence, plaintiff was entitled to judgment; *second*, it was not necessary to the validity of the tax bill that a record should show that the advertisement for bids had been made; and, *third*, that it was not necessary for the council to pass an ordinance to assess the special tax for guttering and curbing, after the work was done, but that the same might be done by resolution. These instructions were refused. The finding and judgment being for defendant, the plaintiff prosecuted its appeal here.

I. The principal question for our decision is, whether or not the court erred in rejecting the plaintiff's offer of evidence. Our attention has been called

to no statute which requires that the proof of the publication of notice, that bids are to be received to do city work of the kind for which the special tax bill was issued, must be spread upon the record of the council in cities of the third class. The statute nowhere requires this to be done. In the absence of such statutory requirements, we must think that it is the fact of publication, rather than the method of proving it, which is essential, and, therefore, it was competent to prove the fact by oral testimony of a witness. *State v. Baker*, 36 Mo. App. 58. This evidence was improperly rejected.

II. Section 1495, Revised Statutes, provides that cities of the third class are authorized to enact ordinances for paving, macadamizing, curbing and guttering streets, etc. The ordinance mentioned in plaintiff's petition is clearly such an ordinance. Section 1498, Revised Statutes, provides that when the council shall deem it necessary to pave, macadamize, gutter, curb or otherwise improve any street for which a special tax is to be levied, it shall, by resolution, declare such work necessary to be done, and cause such resolution to be published, etc. When the ordinance just referred to was passed, the city was invested with all the authority that was necessary to contract for guttering and curbing the streets therein mentioned, and to make assessments for each block separately, on all lots and pieces of ground abutting on either side of such improved streets in proportion to the front foot. The rate would be governed by the estimate of the proper officer, of the cost of the work and the contract, which could not exceed the estimate. This constituted the basis for fixing the rate to be levied on the abutting lots per front foot. It was no more than a ministerial function to be performed by the council and which may be delegated to its clerk. It is a power somewhat analogous to that exercised by a county court, where the statute confers the power of taxation and names the subjects thereof, leaving the

clerk to annually fix and extend the rate against property subject to such tax. It is not believed that an additional ordinance was required to authorize the apportionment of the cost of the improvement among the lots abutting on the improved street, according to the foot frontage of the same. One ordinance was all that was required for the kind of improvement provided for in the ordinance referred to in the plaintiff's petition. The issue of the special tax bill for this work was within the authority of the council. The contention of the defendants results from a misconception of the scope and scheme of the statute in relation to cities of the third class.

As far as we have been able to discover, the issue of the tax bills was properly authorized and are valid. The special tax bills were not only *prima facie* evidence of their own validity, but of the doing of the work and furnishing of the materials charged for, and of the liability of the property to the charge stated therein ( R. S., sec. 1499 ), and no evidence having been introduced to overthrow the plaintiff's *prima facie* case, it was entitled to recover. It follows, from what has been said, that the plaintiff's instructions should have been given.

The judgment will be reversed and cause remanded. All concur.