STATE OF MISSOURI, Respondent, v. J. PERCIVAL PHELAN, Appellant.

St. Louis Court of Appeals, May 12, 1896.

1. **Criminal Law**: PROOF OF CORPORATE EXISTENCE OF INSURANCE COMPANY. Under section 4125 of the Revised Statutes, proof of the corporate existence of an insurance company may be established in a criminal proceeding by evidence of general reputation.

2. ————: ACTING AS AGENT FOR UNLICENSED INSURANCE COMPANY: INFORMATION. The terms, insurance company and corporation or association engaged in the transaction of insurance business, are used interchangeably in the statute prohibiting anyone from acting as agent for such a company, unless he has first received from the superintendent of the insurance department a certificate authorizing him so to act. Accordingly, the information in a criminal prosecution for the violation of that statute sufficiently charges the requisite agency, when it states that the company for which the defendant was agent was engaged in the insurance business.

State v. Phelan.

3. ———: ———: EVIDENCE. In such a prosecution the fact, that the alleged principal of the defendant was engaged in the insurance business, is shown *prima facie* by evidence that a contract made by the defendant for such principal was one of insurance.

4. ———: ———: INSURANCE OF CREDITS. A contract, whereby one of the parties agrees to indemnify the other against loss of claims through the insolvency of debtors, is one of insurance within the purview of said statute.

5. ———: PRACTICE, APPELLATE: OBJECTIONS NOT RAISED IN TRIAL COURT. An objection to evidence, which was not interposed in the trial court, is not available on appeal.

6. Statutes, Construction of: TERMS EJUSDEM GENERIS. *Held, arguendo,* that the doctrine of *ejusdem generis* in the construction of general terms in a statute is only applicable, when the specific terms of the statute are of the same nature.

*Appeal from the St. Louis Court of Criminal Correction.*
Hon. David Murphy, Judge.

Affirmed.

*Seddon & Blair* and *Chester H. Krum* for appellant.

(1) The oral testimony of witness Moise to establish the corporate existence of the American Credit Indemnity Company by general reputation was inadmissible; section 4215, Revised Statutes, 1889, does not apply. *State v. Tucker,* 84 Mo. 23, 25; *State v. Jackson,* 90 Mo. 156. Such testimony, even if admissible, was insufficient, as it did not show said company was an "insurance company," or was transacting an insurance business within the meaning of the statute. (2) The contract or bond of indemnity described in the information was inadmissible in evidence because no proof was offered as to its execution, and because it is not a contract of insurance within the meaning of the statutes of Missouri. See statutory definition of insurance, R. S. 1889, secs. 5910, 5915, 5873, 5916. See, also, on construction of statutes, Potter's Dwarris on

Statutes (1871), secs. 175, 184, *et seq.; Bacon's Maxims,
page 52; *Lyde v. Bernard*, 1 M. & W. 113; *State v.
Stone*, 118 Mo. 397; *St. Louis v. Laughlin*, 49 Mo. 559;
*Knox City v. Thompson*, 19 Mo. App. 523; *State v. Bryant*,
90 Mo. 534; *St. Louis Agr. Ass'n v. Delano*, 108 Mo.
221; *State ex rel. v. Corkins*, 123 Mo. 56; *Howell v. Stew-
art*, 54 Mo. 400; *Fusz v. Spaunhorst*, 67 Mo. 256; *State
v. Reid*, 125 Mo. 43. On principle this contract or
bond of indemnity is a contract of guaranty and not of
insurance. As to the elements of contract of guaranty
see 9 Am. and Eng. Encyclopedia of Law, p. 67; 1
Brandt on Surety & Guar., p. 2, sec. 1; *Gridley v. Copen*,
72 Ill. 13; *Cole v. Haven*, 10 Ins. Law Journal, 156;
*McLaren v. Watson Ex'rs*, 26 Wend. 435. As to ele-
ments of insurance contract, see, 1 Biddle on Insur-
ance [Ed. 1893], p. 1, sec. 1; *Henning v. U. S. Ins.
Co.*, 47 Mo. 425–432.

*W. C.* and *J. C. Jones* and *C. C. Kidd* for re-
spondent.

(1)   The court below committed no error in per-
mitting proof of the corporate existence of the Ameri-
can Credit Indemnity Company by general reputation.
This is the practice provided for by section 4215 of
Revised Statutes, 1889. *State v. Tucker*, 84 Mo. 23;
*State v. Jackson*, 90 Mo. 156. Moreover, the act of
defendant in making the contract of insurance, which
on its face purported to be by a corporation, is suffi-
cient to make out a *prima facie* case on this point.
*State v. Tucker*, 84 Mo. 25; *U. S. v. Amedy*, 11 Wheat.
392; *People v. Hughes*, 29 Cal. 257. (2)   The court
committed no error in admitting in evidence the bond
of indemnity. Its execution was duly proved, and de-
fendant's acts in selling bonds of indemnity as agent
make out a *prima facie* case on this point. See author-

ities cited above. This kind of insurance is prohibited by the insurance laws of this state, unless done in compliance with section 5910, Revised Statutes, 1889. It is embraced within the meaning of section 5873 of the Revised Statutes. In construing this section, the rule of "*ejusdem generis*" does not apply. *State ex rel. Walker v. Corkins*, 123 Mo. 56; *State v. McCann*, 67 N. Y. 509; 17 Am. and Eng. Encyclopedia of Law, p. 278, *et seq.*; *State v. Williams*, 35 Mo. App. 546; *Eubanks v. State*, 5 Mo. 450; *State v. Shock*, 68 Mo. 560; *Boynton v. Coyle*, 4 Mo. 599; *Foster v. Blount*, 18 Ala. 687; *Ellis v. Murray*, 28 Miss. 129; *Brown v. Corwin*, 42 N. W. Rep. (Minn.) 481; *Bank v. Investment Co.*, 12 S. W. Rep. (Tex.) 103. If the rule does apply, this class of insurance is to be considered as being embraced therein, as insurance against loss by insolvency and insurance of fidelity of individuals are "*ejusdem generis*," to wit: guaranty insurance. May on Insurance, sec. 540, *et seq.*; Beach on Insurance, sec. 331. Section 5910 of the Revised Statutes prohibits absolutely and unconditionally the doing of any kind of insurance in this state without compliance with its provisions, and the fact that no provision is made for a certain class of insurance in the insurance laws is no defense for acting as agent for a company engaged in that class of insurance without authority from the insurance department. R. S., secs. 5910, 5911, and 5916; *State v. Stone*, 118 Mo. 397; *State ex rel. v. Citizens'. Ben. Ass'n*, 6 Mo. App. 163; *Commonwealth v. Weatherbee*, 105 Mass. 160; 26 Scottish Law Journal, 394. On principle, the bond of indemnity is not a contract of guaranty but one of insurance. Beach on Insurance, secs. 1 and 2; 2 May on Insurance, sec. 540, *et seq.*; *Mercantile, etc., Co. v. Wood*, 68 Fed. Rep. 529; *State v. Citizens' Ben. Ass'n*, 6 Mo. App. 163; *U. S. Credit*

*Co. v. American Credit Co.*, 51 Fed. Rep. 751; *U. S. Credit System Co. v. Robertson*, 29 Atl. Rep. 421.

BOND, J.—The defendant was charged by information in the St. Louis court of criminal correction with acting as an insurance agent without a license. The information contains two counts. The first avers that defendant, as agent for a foreign corporation, "engaged in the transaction of insurance" in this city, induced the Hunicke Glove Company to purchase a bond of indemnity given by said corporation, guaranteeing the purchaser, under certain conditions, against loss resulting from the insolvency of its debtors; that defendant did this act without first having obtained a certificate, as required by law, authorizing him to act as agent for said corporation. The second count avers the doing by defendant of the act alleged in the first before the foreign corporation obtained a certificate authorizing it "to do business in the state of Missouri."

The defendant pleaded not guilty. The state adduced oral evidence tending to prove that the defendant was connected with the American Credit Indemnity Company since its formation in 1891, and that said company was known by general repute to be incorporated; that it issued, through defendant as its agent, and under its seal as a corporation of the state of Louisiana, a bond or contract purporting to indemnify the Hunicke Glove Company of St. Louis against loss "to the extent and not exceeding $3,000 gross resulting from insolvency of debtors" under further conditions set forth in said contract; that a premium of $90 was paid to defendant (who receipted therefor in the name of said corporation) by the purchaser upon the delivery of said contract. The defendant offered no evidence, but requested to be discharged upon the evidence given by the state. The court

refused an instruction to that effect, and found defendant guilty and assessed his punishment at a fine of $10. From a judgment accordingly this appeal is taken.

The first error assigned relates to the reception of oral evidence tending to prove the corporate existence of the company, whose agent defendant was charged to be. There was no error in the admission of this evidence. The existence of any banking company or corporation, when it is material or is drawn in question on the trial of a criminal cause, may be proved by general reputation. R. S. 1889, sec. 4215. Nor does this statute confine this method of proof to cases involving the corporate existence of banking companies or banking corporations as contended by defendant; for the supreme court has expressly held that the corporate existence of insurance companies may be shown by oral testimony under this statute on the trial of criminal cases. *State v. Jackson*, 90 Mo. 156; *State v. Tucker*, 84 Mo. 23.

There is no merit in the objection, urged for the first time in this court, that the signatures of the officers of the company to the bond of indemnity introduced in evidence were not proven. Had this objection been made on the trial, the court would doubtless have required evidence of due execution of the instrument. But the record distinctly shows that, when it was offered in evidence, defendant made no objection on this ground to its reception. It is elementary that no objections to evidence are available on appeal which were not interposed in the trial court. *State v. Baker*, 36 Mo. App. 63.

It is next insisted that it was essential to a conviction that the state should prove that the corporation for which defendant acted was an insurance company. It is argued in support of this view that such proof is not made by the adduction of evidence that the con-

tract made by the company through the agency of defendant was one for insurance, and that the only competent way to show that defendant acted for an insurance company is by evidence tending to prove that the articles of incorporation of said company authorized the transaction of insurance business. This position is correct, but the argument urged in its support is invalid, as will appear from an examination of the statutes upon which this prosecution is based. R. S. 1889, sections 5915, 5916. By the first all that is necessary to be shown to establish the agency of defendant is that it should appear in evidence that he received money on account of or for any contract of insurance made by him "for any insurance company or association not at the time authorized to do business in this state." When such proof is made, the defendant's agency is established and he becomes amenable to the provision of the following section, to wit:

"Any person or persons who in this state shall act as agent or solicitor for any individual, association of individuals, or corporation engaged in the transaction of insurance business, without such person or persons first having obtained from the superintendent of the insurance department of this state the certificate authorizing him to act as such agent or solicitor, as required by section 5910 of the Revised Statutes of this state, or who shall act as agent or solicitor for any individual, association of individuals, or corporation engaged in insurance business, before such individual, association of individuals, or corporation, shall have been duly authorized and licensed by the superintendent of the insurance department of this state to transact business in this state, or after such license has been suspended, revoked, or has expired, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall

be fined not less than ten nor more than one hundred dollars for each offense, or imprisonment in the county or city jail for not less than ten days nor more than six months, or by both such fine and imprisonment." R. S. 1889, sec. 5916.

The section quoted provides for the punishment of an agent acting without license for a principal "engaged in the transaction of insurance business." The preceding section refers to the principal as "any insurance company or association." It is obvious that these two quoted expressions are used interchangeably in the statutes because the legislature deemed them synonymous. If, therefore, the bond or contract given by defendant's principal afforded internal evidence of the transaction by it of insurance business, the requirements of the statute were adequately met. As it is conceded by defendant (only, however, in support of his argument on the present point) that the bond or contract was one for insurance, we are clearly of opinion that it was sufficient to show, *prima facie*, that the party who issued it was engaged in the transaction of insurance business. It is only a fair, logical deduction, in the absence of any evidence to the contrary, that a contract of insurance made by a corporation was in the prosecution of a business of the kind evidenced by the particular contract. *Rose v. Kimberly*, 62 N. W. Rep. 526; *State v. Tucker, supra, et cit.* Our conclusion is that there was sufficient evidence to warrant the finding that defendant's principal was engaged in the transaction of insurance business, or was an insurance company, if the bond of indemnity given in evidence was in legal effect a contract of insurance. This the defendant denies (his admission to the contrary having been made only in support of his foregoing argument).

The nature of the contract evidenced by the bond

of indemnity must be determined by the language of
the statutes of this state, defining the purposes for
which insurance corporations may be formed; for,
while the defendant's principal is a foreign corporation
and as such permitted through comity to do business
in this state, it can not on that principle engage in any
business which is inhibited to domestic corporations of
a similar character. The extent to which domestic
corporations may engage in the business of insurance
other than life is defined by statute. R. S. 1889, sec.
5873. This section makes three classifications of the
risks which may be assumed. It is not claimed that
the bond of indemnity in this record falls within the
enumerations contained in the first two, hence they
will not be set out. The third is, to wit: ''To make
insurance upon the health of individuals, and against
personal injury, disablement or death, resulting from
traveling or general accidents by land or water; to
insure the fidelity of persons holding places of public
and private trust, and also to receive on deposit and
insure the safe-keeping of books, papers, moneys,
stocks, bonds, and all other kinds of personal property,
and to do any and all other kinds of legitimate insur-
ance business, excepting that of life insurance and
dealing in annuities, and excepting also the kinds of
insurance included in the first and second divisions or
classes named in this section. No company shall
engage in more than one of the kinds or classes of
insurance above mentioned, and no company that has
been organized to do the business mentioned in one of
the three classes aforesaid shall issue policies or do
business connected with the kind of insurance men-
tioned in either of the other classes.''

It is contended by defendant that by the specific
mention of certain subject-matters of insurance, and by
the general expression ''to do any and all other kinds of

legitimate insurance business" with certain exceptions, the legislature intended not to authorize corporations formed for insurance to engage in that business generally, but to limit them to insurance similar in kind to that specifically described. In support of this position the doctrine of *ejusdem generis* is invoked. This is a rule, whereby general words following particular words are held to mean persons or things of the same kind or genus as those denoted by the preceding terms. It "can be used only as an aid in ascertaining the legislative intent, and not for the purpose of controlling the intention or of confining the operation of the statute within narrower limits than were intended by the lawmaker." This rule applies only where the specific words are of the same nature. "Where they are of different genera, the meaning of the general words remains unaffected by its connection with them." Endlich on Interpretation of Statutes, section 409; Sutherland on Statutory Construction, section 279; *State v. Corkins*, 123 Mo. 56.

In the above stated statute the particular terms described, *first*, health and accident insurance; *second*, the fidelity of persons in places of trust, and the safekeeping of personal property deposited with the insurer. Each of these subject-matters of insurance is generically different from the other, hence they do not restrict the meaning of the subsequent terms by which insurance corporations are empowered "to do any and all other kinds of legitimate insurance business." The further fact that these general words are themselves expressly extended to all classes of insurance excepting life, annuities and the two first classes mentioned in the statute, evinces a clear legislative intent that, aside from this limitation, they should have their full and natural meaning. Our conclusion is that the general words of the statute must be taken in their ordinary

and natural meaning without regard to their connection with the preceding enumeration of the subject-matters of insurance. If the consideration contended for by defendant were admissible, it would necessarily follow that the insurance laws of this state impose a greater restriction upon incorporated companies than upon individuals in the assumption of risks; for it can not be denied that it is perfectly competent for individuals to engage *in any legitimate insurance* business, whether or not it is specially mentioned in the above statute. Individuals are not debarred from acting as assurers under the laws of this state. They are only required to conform to the statutory regulations on the subject. *State v. Stone*, 118 Mo. 388; R. S. 1889, chap. 89. It would be a singular incongruity, if the laws defining the subjects of insurance by corporation, which were enacted for the benefit and protection of the community, should exclude any subjects open to private underwriters.

Defendant, however, insists that the bond of indemnity is a contract of guaranty and not of insurance. "Insurance is a contract whereby one, for a consideration, undertakes to compensate another if he shall suffer loss." 1 May on Insurance, sec. 1. This definition has been adopted by the appellate courts of this state. *Duff v. Fire Association*, 129 Mo. *loc. cit.* 465. A contract having these elements, and not opposed to public policy, is one of insurance. By the bond of indemnity in this record the American Credit Indemnity Company upon the payment of $90, and in further consideration of the acceptance of all the terms and conditions made a part of said bond, guaranteed the Hunicke Glove Company, for the period of one year, against loss, to the extent of and not exceeding $3,000 gross, resulting from insolvency of debtors, as defined in said bond,

State v. Phelan.

over and above a loss of $1,000 agreed to be borne by the assured on sales, shipments and deliveries of goods to be $75,000 or less. This contract violates no rule of public policy, and is within the scope of the above definition. That the contingency provided against is a proper matter of insurance has been determined in a recent opinion by the supreme court of Massachusetts (*Claflin v. Credit System Co.*, April, 1896). The indemnity contracted for is essentially the same as that secured by insurance against risk from all forms of dishonesty. That it may have some of the features of suretyship or guaranty does not detract from its character as a contract of insurance, when, as in this case, it is within the strict terms of the latter as defined by law. The contract to indemnify against loss of claims is one of indemnity against loss of property; for it is self-evident that valid demands, although mere choses in action, are, equally with tangible effects, personal property. Hence, their loss or destruction may be provided against by a contract resting upon a sufficient consideration. Such insurance is practiced both in England and America. Beach on Insurance, secs. 331, 332, 329, and cases cited. May on Insurance, sec. 544; *Mercantile Credit Co. v. Wood*, 68 Fed. Rep. 529.

Our conclusion is that the bond of indemnity in this record, in virtue of its terms, is a contract of insurance in the statutory sense, and the defendant having received the premium therefor, without any license to act as agent for his principal, was guilty of a violation of the statute warranting the judgment.

Defendant complains of the insufficiency of the information, in that it does not *in haec verba* allege that he was the agent of an insurance company. The information does allege that the company for which defendant was agent was engaged in the transaction of

insurance business. This was an equivalent allegation to the one of whose omission complaint is made.

Finding no reversible error in the judgment, it will be affirmed. All concur.