THE STATE v. STEIFEL, *Appellant.*

DIVISION TWO.

| 106 | 129 |
| 116 | 12 |
| 106 | 129 |
| 119 | 421 |
| 106 | 129 |
| 126 | 618. |
| 106 | 129 |
| 137 | 5 |
| 106 | 129 |
| 146 | 300 |
| 106 | 129 |
| 153 | 469 |

1. **Criminal Law** : PRACTICE : INDORSEMENT OF NAMES OF WITNESSES ON INDICTMENT. While the names of all material witnesses should be indorsed upon an indictment, the state may avail itself of any testimony which the grand jury could not obtain, which it discovers before it closes its case. (R. S. 1889, sec. 4097.)

2. ———— : ———— : WITNESS. One jointly indicted with a defendant on trial may be used as a witness against the latter, where the indictment against such witness has been dismissed before the defendant entered upon his defense.

3. ———— : ———— : LARCENY. One indicted for larceny from the person may be convicted of simple grand larceny.

4. ———— : ———— : SEPARATION OF JURY. The separation of the jury in a criminal trial, contrary to the order of the court (R. S. 1879, sec. 1910), before they retire to consider of their verdict, will be a ground for a new trial, unless it be shown affirmatively by the state that the jurors were not subjected to improper influence.

5. ———— : ———— : ————. Where the defendant offers to show by competent evidence that the jury separated, contrary to the order of the court, which offer is refused by the court, the offer will stand for the fact itself, and will entitle him to a new trial.

*Appeal from Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*D. H. McIntyre* for appellant.

(1) It was error to permit the defendant Clevlen to be discharged, and afterward to testify against the defendant Steifel. It was contrary to the statute, and prejudicial to a fair and impartial trial. *First*. Because said Clevlen was discharged from any further prosecution after defendant Steifel had entered upon his trial, and after three witnesses for the state had been examined. R. S. 1889, sec. 4217; *State v. Chyo Chiagk*, 92 Mo. 395; *State v. Walker*, 98 Mo. 95; *State v. Martin*, 74 Mo. 547. *Second*. Because the name of the witness Clevlen was not indorsed on the indictment. R. S. 1889, sec. 4097. He was a material witness; the statute is imperative. *State v. Roy*, 83 Mo. 268. *Third*. Because the calling of this witness at the time was a surprise to defendant. (2) On the trial, at the request of the defendant, the court charged the jury not to separate, and not to talk about the case, and put them under the charge of an officer during the recess. In his motion for a new trial defendant charged that one of the jurors separated himself from the remainder during the whole of such recess. The court erred in refusing to allow defendant to show the misconduct of the juror and the prejudice of the inhabitants of the town. R. S. 1889, secs. 4209, 4269; *McLean v. State*, 8 Mo. 158; *Whitney v. State*, 8 Mo. 165; *State v. Collins*, 81 Mo. 652; *Durr v. State*, 53 Miss. 425; *State v. Witten*, 100 Mo. 525; *Short v. West*, 30 Ind. 367; *McLain v. State*, 10 Yerg. (Tenn.) 241. (3) The first instruction given for the state defined an offense different from the one charged in the indictment, and directed the jury to find a verdict of guilty upon finding a state of facts differing from the allegations of the indictment. It was error to give this instruction.

*John M. Wood,* Attorney General, for the State.

The prosecution having been dismissed as against Clevlen his testimony was admissible. R. S. 1879, sec. 1917. The instructions given by the court properly declared the law of the case to the jury. The first, submitting the case under section 1307, Revised Statutes, 1879, was proper. The court properly instructed the jury as to the intent at the time in order to constitute the offense in the second instruction. As to the credibility of witnesses, the third was correct. *State v. Kelley,* 73 Mo. 608; *State v. Castor,* 93 Mo. 242. The fourth instruction, as to the duty of the jury in weighing the testimony of the witness, was in the approved form. The fifth, as to the credibility of defendant's testimony, was correct. *State v. Owens,* 78 Mo. 367; *State v. Cook,* 84 Mo. 40; *State v. Young,* 105 Mo. 634. The sixth, as to reasonable doubt, was proper. *State v. Castor,* 93 Mo. 242. The court committed no error in refusing instructions 1 and 2 asked by defendant. *State v. Owen, supra; State v. Cook, supra; State v. Young, supra.* Although there was evidence upon which instruction, numbered 3, asked by defendant might have been given, yet as the court did not see proper to submit a higher degree of the offense under section 1308, Revised Statutes, 1879, no error was committed in refusing said instruction of which defendant can complain. The allegations in the motion for a new trial as to the separation of the jury were not supported by affidavits or other evidence, and cannot be considered. *State v. Daniels,* 94 Mo. 321.

GANTT, P. J.—At the November term, 1887, of the circuit court of Butler county, the defendant and one George Clevlen were jointly indicted for stealing $100 from the person of Patrick Harmon in the night time on the twenty-fifth of August, 1887. At the adjourned

November term on the twenty-fourth of February, 1888, on motion of said Clevlen, a severance was granted, and separate trials awarded said defendants.

At the May term, 1889, defendant Steifel was duly arraigned, a plea of not guilty entered, and the cause tried before a jury, which resulted in a verdict of guilty, in which his punishment was assessed at imprisonment in the penitentiary for three years. He filed his motion for new trial in due time, and, upon the court overruling it, he gave his recognizance, and appealed to this court.

The errors assigned by appellant are, *first*, the action of the circuit court, in permitting George Clevlen to testify in behalf of the state, after the prosecuting attorney had, by leave of the court, entered a *nolle prosequi* as to said George Clevlen, and before the state had closed its evidence against defendant; *second*, because the court overruled defendant's demurrer to the evidence; *third*, because the court refused to grant a new trial, on account of the misconduct of the jury in separating at recess without the consent of defendant, and contrary to the orders of the court; *fourth*, errors in giving instructions to the jury.

Considering these assignments in the order in which they are made in appellant's brief, we proceed to an examination of the first error alleged. It appears from the record, that after the trial of the defendant had commenced, and after three of the state's witnesses had been examined, the prosecuting attorney by leave of the court entered a *nolle prosequi* as to George Clevlen, who had been jointly indicted in this cause with defendant, and thereupon said George Clevlen was discharged *from* any and all prosecution under said indictment, and was then called as a witness in behalf of the state. Defendant objected to said Clevlen testifying, because he was incompetent: *First*, because his name was not indorsed on the indictment; *second*, because being a codefendant he had not been acquitted or discharged till after this defendant had been put upon his

trial and defense, and to permit him to testify would work a surprise on defendant.

The fact that Clevlen's name was not indorsed on the indictment did not render him incompetent. The statute requiring the names of all material witnesses to be indorsed on the indictment is a most just and humane provision. It is right that when a citizen's liberty or life is endangered that he should know the names of the witnesses by whom the charge is to be made good. By so knowing he can prepare his defense. It may be necessary for him to impeach some of these witnesses. The state ought not to ask a conviction, unless it can be obtained fairly and upon testimony that will stand the severest tests known to the law. *State v. Roy*, 83 Mo. 268; *State v. Grady*, 84 Mo. 220. But, while this is true, it cannot be said, that, if the state discovers evidence that the grand jury could not obtain, that the state shall not avail itself of this evidence if discovered before it closes its case. Indeed, section 4097 expressly reserves to the state the right to call witnesses other than those whose names are indorsed on the indictment. *State v. O'Day*, 89 Mo. 559.

It nowhere appears in the record that the prosecuting attorney or the grand jury knew the willingness of Clevlen to testify for the state, prior to the time the *nolle* was entered. The state has always claimed the right to use an accomplice against his fellows in criminal cases. Many criminals must have gone unpunished but for this practice. The contention of the defendant that Clevlen could not be rendered competent by the *nolle* entered prior to the closing of the state's evidence is untenable. When the indictment was dismissed as to Clevlen, he stood as any other witness. He had only been rendered *incompetent* by the finding and pendency of the indictment. When that was removed, his competency was fully restored.

The dismissal of the prosecution at any time prior to the defendant entering upon his defense is expressly

provided by section 4217, of the revision of 1889, or section 1917, Revised Statutes, 1879. We hold Clevlen was a competent witness. There was no error in overruling the demurrer to the evidence; there was sufficient evidence if believed by the jury to authorize the verdict.

Nor was there any error in holding and instructing the jury under this indictment, that the jury might convict of simple grand larceny. It was included in the charge in the indictment.

The only remaining point is the misconduct of the jury in separating during the recess of the court, in disobedience of the order of the court, and after they had heard all of the evidence on the part of the state. In *State v. Orrick*, *ante*, p. 111, this court fully considered sections 1909, 1910 and 1966, of the revision of 1879, being sections 4209, 4210 and 4269, of the Revised Statutes, 1889, and arrived at the conclusion, that where the jury separate in a felony case during the trial, and before they have finally retired to consider of their verdict, then sections 1910 and 1966, of the Revised Statutes, 1879, and sections 4210 and 4269, of Revised Statutes, 1889, do not apply; but the effect of the separation of the jury must be determined by some reasonable rule in the construction to be placed on section 1909, and we all agreed that, in view of the legislation on this subject and its great importance both to the state and the defendant on trial, "that a separation before the jury retires to deliberate upon their verdict will be a ground for a new trial, unless it be shown *affirmatively by the state*, that the jurors were not subjected to improper influence." We are entirely satisfied with our conclusion in that case. Under that rule when a separation of the jury in a felony case is shown, the prisoner has made a *prima facie* case for a new trial. Applying that rule to this record, it appears that defendant offered on the hearing of the motion for a new trial, and in support of his allegation of the separation of the jury in

defiance of the order of the court, *competent and legal evidence that at the recess of the court in violation of the order of the court in that particular*, one of the jurors separated from the other jurors, and went over the river to feed his horse, and that the community in which the trial was had were greatly prejudiced against defendant, which evidence the court excluded and refused to hear. Had defendant been permitted to prove this separation, he would have made a *prima facie* showing for a new trial, and it would then have devolved upon the state to show this juror had not been subjected to any improper influence.

His offer to prove the fact by competent evidence must stand for the fact itself, and, this being so, we hold he had established his right to a new trial. We have not been able to understand why the evidence was not heard. It might have entirely exonerated the jury from any suspicion, and, if it had, no new trial would have been awarded; but as it is we feel it our duty to reverse the judgment and direct a new trial, and it is accordingly done. All concur.