THE STATE v. HOWLAND, *Appellant.*

Division Two, January 31, 1894.

Criminal Practice: SEPARATION OF JURY. Where, on a criminal trial, the jurors separate before the case has been finally submitted to them, the state may show that they were not subjected to improper influences during the separation, but a separation without leave of court after they have retired for deliberation on their verdict requires the granting of a new trial. (R. S. 1889, sec. 4269.)

*Appeal from Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Harber & Knight* and *S. S. Kelso* for appellant.

That the jury separated, in violation of the statute law of this state, after the case was submitted to them, and they had retired to consider their verdict, is not denied. That they were not subject to "improper influences" does not appear. Under such circumstances it has ever been held, in this state, that defendant was entitled to a new trial. *State v. Sansone*, 116 Mo. 1.

*R. F. Walker*, Attorney General, for the state.

The rule is that where a jury having the consideration of a cause other than where the punishment is death, the presumption is indulged that where they separate they have been guilty of no misconduct, and have not been subjected to any improper influences. R. S. 1889, secs. 4209, 4210, 4269; *State v. Orrick*, 106 Mo. 124.

SHERWOOD, J.—Indictment for grand larceny of the sum of $50, the property of one Wooley. The trial resulted in a conviction, the punishment being assessed at two years in the penitentiary, hence this appeal. Of the errors assigned, it is necessary to notice but this one: It appears from an affidavit filed in support of the motion for a new trial, that while the jury were on their way to their room, two of the jury, Saunders and Perkins, separated from the other jurors who were in the care of the deputy sheriff, and went to a water closet some two hundred feet distant and out of the view of the other jurymen, and not accompanied by any officer. This affidavit made by Barr and Bailey, is uncontradicted, though it does not appear therefrom whether the jury were returning to their room to consider of their verdict or not, nor is it material so

far as concerns the proper conclusion to be reached in. this case. If the separation occurred *before* the cause was finally submitted to the jury, then under the ruling of this court made upon section 4209, Revised Statutes, 1889, in *State v. Steifel*, 106 Mo. 129, that if the jury separate *before* retiring to consider of their verdict, this will be ground for a new trial, unless the state affirmatively show that the jurors were not subjected to improper influences. As the state has made no such showing here, the same result must follow in this case as in that, if the separation occured before ultimate retirement of the jury for deliberation.

If, however, the jury had already retired to their room for deliberation, and had merely been out in charge of an officer to get a meal, then section 4269, Revised Statutes, 1889, would apply, which authorizes a new trial to be granted where a jury after retiring under the provisions of section 4210 to deliberate, separate without leave of court. Under this section, the simple fact of separation without leave, is sufficient of itself to authorize a new trial, for so the statute ordains. This is the distinction I understand to be drawn in *State v. Orrick*, 106 Mo. 111, and *State v. Steifel, supra.*

Under this view, it is unnecessary to consider other points raised, and the judgment must be reversed and the cause remanded. All concur.

