## THE STATE v. MORLEDGE, Appellant.

### Division Two, November 12, 1901.

1. **Robbery:** INDICTMENT: OWNER OF PROPERTY. Where the indictment charged the money stolen by defendant in robbing a saloon, to belong to the bartender, a mere employee, whereas in fact it belonged to the proprietor of the place, it is error to instruct the jury that the ownership of the money was, for the purposes of the trial, properly charged to be in the employee. The indictment in such case must charge the money to be the property of its actual owner, and not of the servant. (Following State v. Lawler, 130 Mo. 366.)

2. **Insanity:** WITHDRAWING EVIDENCE FROM JURY. Where the evidence is entirely inadequate to establish the defense of insanity, it is not error to withdraw such issue from the jury.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford,* Judge.

REVERSED AND REMANDED.

*J. C. Stanley* and *Jos. S. Brooks* for appellant.

Under an indictment for robbery in the first degree, the proof must show that the money or property was taken from the possession or in the presence of the owner thereof, and if it appear that the person alleged to be the owner is not the owner, but only a servant or employee of the owner left in possession for a time, the variance is fatal and a demurrer to the evidence should be sustained.   State v. Lawler, 130 Mo. 366, citing State v. Davidson, 38 Mo. 374; Com. v. Morse,

State v. Morledge.

14 Mass. 217; Ludden v. Leavitt, 9 Mass. and other cases; 2 Bishop, Crim. Proc., sec. 722; Hagood v. State, 59 Ala. 49; State v. Jenkins, 78 N. C. 478; State v. Congrove, 109 Iowa 66; Walker v. State, 20 So. Rep. 612.

*Edward C. Crow,* Attorney-General, *Herbert S. Hadley* and *Frank G. Johnson* for the State.

We contend on the part of the State that there is no variance between the indictment and the evidence; that the ownership of the property was properly laid in the witness, Resmussen. He testified that he was and had been night bartender for Schattner Brothers for eight years; that he was left alone in charge of the saloon at night, with instructions to run it as though it was his own; that money was left him with which to make change; that this money, together with the money he took in, was placed in the cash register which registered the amount taken in; that in the morning he had to account to his employers for the amount taken in by him during the night as shown by the cash register and the amount left with him. If it was not there, he had to make it up himself. He had complete and exclusive charge of the saloon. We are cited to the case of State v. Lawler, 130 Mo. 366, as decisive of the case. We do not so regard it. What was decided in that case was that the indictment was bad where it alleged that the ownership of the property taken was in the husband of the prosecuting witness, from whom it was taken by putting her in fear, etc. The vice of the indictment in the Lawler case does not exist in this case. Certain dicta in the Lawler case might, however, be carefully reconsidered by this court in view of the force and reason of decisions of other States on the same question. State v. Adams, 58 Kan. 365; People v. Shuler, 28 Cal. 490; People v. Vice, 21 Cal. 345; People v. Anderson,

80 Cal. 205; Com. Clifford, 8 Cush. 218; State v. Ah Loi, 5 Nev. 82; State v. Calhoun, 72 Ia. 432; Brooks v. People, 49 N. Y. 436; State v. Crew & Crenshaw, 3 Cald. (Tenn.) 350; Kelley, Crim. Law and Prac. (2 Ed.), sec. 634, citing 49 N. Y. 436; Turner v. State, 1 Ohio St. 422; People v. Smith, 1 Parker C. C. 329; Rex v. Scott, Russ. & Ry. C. C. 13; Rex v. Deakin & Smith, 2 Leach C. C. 862; 1 Russell on Crimes, 904; 2 Ib. 92.

BURGESS, J.—Defendant was convicted in the criminal court of Jackson county of robbery in the first degree and his punishment fixed at twenty-five years' imprisonment in the penitentiary. He appeals.

It appears from the record that on the night of the twenty-first of January, 1900, one John Resmussen was in charge as night bartender of a saloon on West Twelfth street, Kansas City, Missouri, which belonged to Schattner Brothers, and that about half past four o'clock a. m. defendant entered the saloon, having on a short white coat, a soft white hat, and a handkerchief tied over his face, and a pistol in each hand. He commanded Resmussen, and another man who was then in the saloon, and the porter, to throw up their hands, and they having complied with his command, he went behind the bar, opened the drawer of the cash register and took the money amounting to over twenty dollars therefrom. Immediately thereafter a policeman was informed of the robbery, and apprehended defendant about two and one-half blocks from where it occurred. When the officer stopped him, defendant had his hands in his overcoat pockets and a revolver in each hand. He took defendant back to the saloon. At first he was not recognized, but when the officers pulled the white hat from the prisoner's pocket, together with the money taken and Resmussen's revolver, and found that he had three handkerchiefs around his neck, he said

he committed the robbery because he needed the money.   On being taken to the station, the defendant first gave the name of Morley, but later, on being recognized by some officer, he gave his right name.   While at the station he sent for James A. Einley, who at the trial testified as a witness for defendant. On his cross-examination he said that the prisoner told him in the conversation he had at the station that he robbed Schattner's, McClintock's and a little restaurant between Twelfth and Thirteenth streets; that he got one hundred and forty-five dollars from McClintock's, twenty odd dollars from Schattner's, and six dollars and sixty-five cents from the other place, and that he robbed these places one right after the other.

The indictment charges that the money and pistol taken by defendant were the property of John Resmussen, while the evidence showed that the money belonged to Schattner Brothers.

Over the objection and exception of defendant the court, at the instance of the State, instructed the jury as follows:

"1.   The court instructs the jury that if they find and believe from the evidence that the defendant, C. E. Morledge, did, at the county of Jackson and State of Missouri, at any time within three years next before the twenty-fifth day of January, 1900, unlawfully and feloniously make an assault upon the witness, John Resmussen, and did, in his presence and against the will of the witness, John Resmussen, and without any honest claim to the same, with the felonious intent to deprive the owner of his property therein and by putting him in fear of immediate injury to his person, unlawfully and feloniously take from the presence and custody of the witness, John Resmussen, and of the property mentioned in the indictment, the property of the witness John Resmussen, and that said property was of any value whatever, you will find the defendant guilty and assess his punishment in the State peni-

tentiary for any term of years not less than five years.   Felo-
niously as used in these instructions means wickedly and
against the admonition of the law—unlawfully.

"2.   The court instructs the jury that the ownership of
the property mentioned in the indictment, for the purpose of
this trial, is properly laid in the witness John Resmussen."

Defendant asked the following instruction which was re-
fused, and he duly excepted:

"If the jury believe from the evidence that the money
and revolver described in the indictment were the property of
the Schattner Brothers and not the property of Resmussen, the
person described as the owner in the indictment, and that said
John Resmussen was simply the bartender, employee and ser-
vant of said Schattner Brothers, then their verdict must be for
the defendant, and you will find him not guilty as charged in
the indictment.   In order to hold the defendant under the in-
dictment the jury must find that the witness Resmussen owned
the property alleged to have been stolen or had an interest
in it."

It is insisted by defendant that as the offense charged is
robbery in the first degree, the proof must show that the money
or property was taken from the possession or in the presence
of the real owner, and as it appears from the evidence in this
case that Resmussen was not the owner but only a servant or
employee left temporarily in the possession of the property, that
he could not be convicted under this indictment.

The question here presented underwent thorough con-
sideration in the recent case of the State v. Lawler, 130 Mo.
366, and in an able review of the authorities by SHERWOOD, J.,
the rule was announced that the test is that if the party alleged
in the indictment to be the owner of the property have such
a special interest in it by lien or otherwise that would enable
him to maintain an action for its possession or injury thereto

against any person other than the true owner, prosecution will lie in the name of such alleged owner; otherwise not. [Citing Com. v. Moore, 14 Mass. 217; Ludden v. Leavitt, 9 Mass. 104; Warren v. Leland, Ib. 265; Dillenbeck v. Jerome, 7 Cow. 294; 2 Bishop, Crim. Proc., sec. 722.]

Now, it is perfectly clear that Resmussen was the mere servant of Schattner Brothers and had the money in his possession as such, and wholly without any personal interest in it which would have enabled him to maintain an action therefor, or for any injury to it. Its possession was that of his employers, Schattner Brothers, and the indictment should have so shown. The State cites many authorities which seem to hold to a contrary view, but we are entirely satisfied with our own ruling, believing it to be sustained by both reason and authority, and must decline to review those relied upon by defendant. It follows that the court erred in giving the instructions on the part of the State, and in refusing to give the instructions asked for by defendant.

There was no error in withdrawing from the consideration of the jury the evidence of defendant's insanity, even if it be entitled to be called such, because it was entirely inadequate to establish such defense.

For these considerations we reverse the judgment and remand the cause, in order that the prosecuting attorney of the county may take such steps in the case as he may think comports with the best interest of the public.    All concur.