## THE STATE v. GUSTAV F. STEINKRAUS,
### Appellant.

**Division Two, June 20, 1912.**

1. **ARSON: Intent to Defraud Insurance Company: Property Insured at Defendant's Request.** Testimony that an insurance policy was written and handed to the agent of the company for delivery; that defendant, when taking an invoice prior to the fire, stated he carried insurance on everything; and that defendant the day after the fire made claim of the agent who had

written the policy for the loss he had sustained, amount to evidence that defendant applied for and received a policy of insurance on the building.

2. ————: ————: That Company was a Corporation. In a prosecution for arson committed with intent to defraud an insurance company, it is not necessary to either allege or prove that the company was a corporation. The belief of the defendant that his property was legally insured and his intent to defraud the insurer, make out the crime of arson in the third degree. And in such case, it is immaterial whether or not the act of burning does in fact defraud the insurer.

3. ————: ————: Evidence: Silence. The silence of one accused of a crime, where unusual and not according to the experience of mankind, becomes evidence of guilt and is competent. Where defendant either intentionally or accidentally set fire to his store, and immediately afterwards ran away and did not return until after the fire was extinguished, and was not injured or had any cause for neglecting to extinguish the fire, testimony that he made no statements regarding the fire to persons he met immediately after the fire is competent, as is also testimony that when told there was a fire in town he pretended to be surprised and asked the location of the fire.

4. INSTRUCTION: Circumstantial Evidence. It is only where all the evidence tending to prove defendant's guilt is circumstantial that it is appropriate to give to the jury a cautionary instruction explaining the legal effect of that class of evidence. If a defendant admits setting fire to the building, but pleads it was accidentally done, an instruction on circumstantial evidence should not be given, for then the State's case does not rest entirely upon such evidence.

Appeal from Moniteau Circuit Court.—*Hon. John M. Williams,* Judge.

AFFIRMED.

*W. F. Quigley,* and *Jeffries & Corum* for appellant.

(1) The demurrer ought to have been sustained. There was no evidence that Steinkraus ever applied for a policy of insurance on his building; no evidence that he paid the premium on said policy; no evidence

of the delivery of said policy to him; and no evidence that he knew of the issuance of any such policy, if one were issued. Martin v. State, 28 Ala. 82. (2) The allegation having been made that the Niagara Fire Insurance Company was a corporation, and such allegation being essential, it then devolved upon the State to offer some proof of the *de facto* existence of that company as a corporation. No such proof was offered. But such proof was absolutely essential to sustain the charge of the information. State v. Harned, 178 Mo. 61; State v. Clark, 223 Mo. 50; Rhode Island v. Murphy, 16 L. R. A. 550; State v. Ahsam, 41 Cal. 645; R. S. 1909, Sec. 5238. (3) The trial court permitted witnesses to testify on behalf of the State that they saw the defendant after the explosion and that he made no declaration to them concerning it. These witnesses did not charge the defendant with the commission of any crime. No person made such an accusation against him in the presence of the witnesses. The defendant was not called upon to speak, and yet his silence was permitted to go to the jury as evidence of a confession of guilt. (4) Assuming that the jury did, as they must necessarily have, disregarded the testimony of the defendant and his co-defendant, Greer, to the effect that the explosion was accidental, then the evidence remaining is entirely circumstantial, and the court should have instructed the jury upon circumstantial evidence. State v. Crone, 209 Mo. 330; State v. Moxley, 102 Mo. 374.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

The appellant was given a fair and impartial trial. The jury settled the conflict in the evidence. Appellant admitted being at the place at the time of the fire. Instruction 11 put the question direct to the jury as to whether or not the fire was an accident as claimed

by the appellant, and, if it was, to acquit. It is readily observed why the jury did not acquit, because if the appellant and his codefendant were telling the truth as to the fire being an accident they would have staid there and tried to have extinguished it, but instead made their escape, his codefendant leaving his "little finger," and, also, his hat as a clew to his identity.

BROWN, P. J.—Defendant was convicted of arson on September 8, 1911; and appeals from a judgment of the circuit court of Moniteau county fixing his punishment at two years in the penitentiary.

Defendant and one David K. Greer were jointly charged with arson in the third degree by setting fire to a small wooden building belonging to the defendant in the city of Tipton, Missouri, with intent to defraud the Niagara Insurance Company, a corporation. They were tried separately.

The following is a summary of the evidence:

Defendant and Greer were intimate friends, and both resided at Tipton with their families. Defendant kept a shoe store in the building he is charged with burning, and Greer kept a desk there and made the shop his headquarters when not on the road purchasing furs, hides, etc.

The building was insured in the Niagara Insurance Company for $300. The contents of the building were insured in another company. On March 23, 1910, defendant purchased two gallons of gasoline, and took the same to his shoe shop. He and Greer were seen about the saloons of Tipton until late that night, and appeared to be drinking heavily.

About 3:30 the following morning, March 24, 1910, an explosion took place in defendant's shoe shop, blowing one end thereof loose from the sills and enveloping the interior of said building in flames.

When the explosion occurred, defendant ran from the building, and did not return until long after the

fire had been extinguished by citizens of the town, who were aroused by the ringing of the fire bell. It does not appear that defendant was injured by the explosion or had any cause for running away and neglecting to assist in putting out the fire which he had caused.

An employee of a livery stable, who was near defendant's building, saw a man running from the building just after the explosion, and called loudly to him several times to ring the fire bell; but the party running paid no attention to his request.

When the fire was extinguished, a gallon jug one-third full of coal oil, a two-gallon jug two-thirds full of gasoline, and several sacks and papers saturated with coal oil or gasoline, were found in defendant's building. Some of the papers were rolled up in such form as to indicate an intention to use them as a torch.

Defendant testified that he accidentally produced the explosion and fire by dropping a lighted match on the floor where gasoline had been spilled; that he kept gasoline at his shop for use in preparing lamp black for sign painting, and kept the coal oil for use in a lamp in the shop. He admitted running away when the explosion occurred; and as an excuse for not returning to assist in putting out the fire, claims he was taking care of Greer, whose hand was injured by the explosion.

Greer (indicted with defendant) testified that he and defendant remained up late that night to meet the former's wife, whom they expected to return home on a night train. That they went to defendant's shop at 3:30 a. m. to drink some whiskey which had been left there. That after taking a drink, he (Greer) went out the back door to attend a call of nature, and in going out, accidentally upset a can of gasoline. At about the time he returned, defendant struck a match to light his pipe and threw the match to the floor,

whereupon a loud explosion occurred which blew him (Greer) out the back door and blew the door shut with such force as to strike and amputate his little finger.

Greer's evidence was partly corroborated by the finding of his finger inside the building and his hat just outside.

Some joists of defendant's building were charred and partly burned by the fire.

Such other points as are necessary to an understanding of the case will be noted in our opinion.

For reversal, defendant contends:

(1). That there was no evidence that the defendant ever applied for or received a policy of insurance on the building.

(2). That there was no proof that the Niagara Insurance Company was a corporation.

(3). That the evidence of defendant's silence regarding the cause of the fire in his building was improperly admitted.

(4). That the instructions for the State were erroneous in not requiring the jury to find that the Niagara Insurance Company was a corporation.

(5). That the court failed to instruct on the legal effect of circumstantial evidence.

I.   Defendant's first contention is not sustained by the evidence. Mace L. Minor, an insurance agent, testified on behalf of the State that while working for one Roy F. Bane, the regular agent of the Niagara Insurance Company, he wrote a policy of insurance on defendant's building, and handed the same to Bane for delivery to defendant. It seems that Minor signed the name of Bane to the policy, but that is a matter of no consequence, as will appear hereafter.

At the trial defendant was interrogated regarding insurance on his personal and real property, with the following result:

When asked if he was preparing to insure his personal property when he took an invoice in January prior to the fire in March, he replied:

"A. I always carry insurance.

"Q. Sir? A. Even in Bane's store I carried insurance on my store all the time. This is nothing new. This is all the time.

"Q. You carry insurance on everything, don't you? A. I carry insurance on everything."

In addition to the foregoing, Mr. Minor, who wrote the policy on defendant's building, testified that the defendant made claim for the loss he had sustained on the day after the fire. It is true that it does not clearly appear whether defendant desired to collect for the loss he had sustained by injury to his building or to his personal property in the building; but as none of his personal property except a few shoe strings were burned, it must have been the injury to the building that he had in mind when he made his claim. It is therefore apparent that he knew his building was insured before he threw the burning match on the floor and caused the explosion and fire.

II. Defendant earnestly contends that it was necessary for the prosecuting attorney to charge in his information that the Niagara Insurance Company was a corporation; and that it was likewise necessary to prove the existence of the corporation; and to sustain his contention, cites State v. Horned, 178 Mo. 61, and State v. Clark, 223 Mo. 50. These cases are not in point. They hold that when a defendant is charged with stealing or burglarizing the property of a corporation, the indictment must recite and the State must prove that the injured party is a corporation. No such rule applies in a prosecution for arson committed with intent to defraud an insurer. In the latter class of cases where the insurer is a corporation, it is neither necessary to charge nor prove that fact.

[State v. Tucker, 84 Mo. 23; 2 Wharton's Criminal Law (10 Ed.), section 1894.]

The belief of defendant that his property was legally insured and his intent to defraud the person or corporation which issued the policy thereon, makes out the crime of arson in the third degree. It is immaterial whether or not the act of burning does in fact defraud anyone. [State v. Byrne, 45 Conn. 273.]

III. The defendant complains of the introduction of evidence to the effect that he made no statement regarding the fire to persons whom he met immediately after the explosion. While ordinarily one accused of crime has the right to remain silent, yet in cases where his silence is unusual and not in accordance with the common experience of mankind, it becomes evidence of guilt. It would be but slight evidence, it is true; but its weight would be for the jury. [State v. Glasscock, 232 Mo. 278.]

Here the defendant either intentionally or accidentally set fire to his property. If it was done accidentally, it is extremely probable that he would have mentioned that fact to the first acquaintance he met. When told that there was a fire in town he pretended to be surprised and asked the location of the fire. This was as strong an indication of guilt on his part as the fact that he needlessly ran from the building when he saw it was burning.

IV. It will be seen by what we have said in paragraph II that no proof was required that the insurer was a corporation. Consequently, it would have been error to direct the jury that such a finding was necessary. There was no error in the instruction complained of.

V. Defendant further complains of the failure of the court to instruct the jury as to the legal effect of

circumstantial evidence. His theory is that in convicting him the jury must have disregarded all his evidence and also the evidence of Greer. This contention is not tenable. It would have been perfectly logical for the jury to have believed the defendant in so far as he admitted that he caused the fire in his building by applying a lighted match to the floor thereof, and at the same time to have disbelieved his statement that he ‘did not intend by that act to set fire to the building. It is only when all the evidence tending to prove the defendant's guilt is circumstantial that it is appropriate to give to the jury a cautionary instruction explaining the legal effect of that class of evidence.

It is true the burning of a building is not a crime if done accidentally; likewise, the killing of a human being is not criminal if done accidentally or in necessary self-defense; yet if an accused person admits the killing, but pleads accident or self-defense, such plea would not cause the State's case to rest entirely on circumstantial evidence. Such a case would stand partly on the direct admission of the defendant and partly on the facts indicating his intent. In such case, no instruction on circumstantial evidence should be given. This doctrine is supported by one of the cases upon which defendant relies. [State v. Crone, 209 Mo. 316, l. c. 331.]

The defendant had a fair trial and the record contains no reversible error; therefore the judgment will be affirmed.

*Ferriss* and *Kennish, JJ.,* concur.