## STEPHEN DENISON v. STATE.

No. A-4041.   Opinion Filed June 2, 1923.

(215 Pac. 433.)

. (Syllabus.)

1.   **Assault, and Battery—Evidence Sustaining Conviction of Assault with Dangerous Weapon—Lack of Prejudicial Error.**   Record examined and held: Evidence sufficient to support verdict and judgment, that the instructions were as favorable to defendant as the evidence warranted, and that no prejudicial error occurred during the progress of the trial.

2.   **New Trial—Misconduct ,of Jury—Affidavit Based on Hearsay Insufficient.**   A motion for new trial on account of misconduct of the jury after the cause had been submitted, supported alone by the affidavit of the defendant, was properly overruled, where the affidavit did not indicate that affiant had personal knowledge of such misconduct or that he obtained such information from credible sources, with the names of witnesses by whom he believed such ground may be proved.

Appeal from District Court, McCurtain County; E. F. Lester, Judge.

Stephen Denison was convicted of an assault with a dangerous weapon, and he appeals.   Affirmed.

L. E. Mifflin and H. C. Ray, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.   This is an appeal from a judgment of conviction of assault with a dangerous weapon, rendered in the district court of McCurtain county on the 21st day of February, 1921, wherein plaintiff in error was sentenced to serve a term of five years' imprisonment in the state penitentiary.

The alleged assault occurred on the 23d day of April, 1920. The evidence on the part of the state discloses that the defendant, Stephen Denison, stabbed and wounded one Bryant Morris

several times with a knife. A full statement of the facts is unnecessary.

Four propositions are advanced as grounds for reversal of this judgment.

First, it is contended that the evidence is insufficient to sustain the verdict and judgment. There is a sharp conflict in the evidence, but the evidence on the part of the state's witnesses if believed was amply sufficient to authorize the jury to find defendant guilty.

The defense interposed was self-defense and defense of his brother, Henry Denison. This defendant and his brother were clearly not without fault in bringing on the difficulty that resulted in the stabbing and wounding of the prosecuting witness. Besides the knife that was used by defendant in assaulting Bryant Morris, the Denison boys were armed with a pistol and the inference is impelling, from the evidence, that they sought the Morris boys with the intent to provoke a difficulty with them and to use the weapons at hand, should the occasion arise.

The instructions given by the trial court covering the law of self-defense were more favorable to defendant than the evidence demanded, and the failure to give the requested instruction on this issue, which constitutes the basis of defendant's second contention, is held to be without error.

Further it is contended that the trial court erred in admitting in evidence a certain knife which it was alleged the defendant had used in committing the assault; this for the reason that such knife was not sufficiently identified as the knife used by defendant, before it was allowed to be introduced as evidence. Before the knife was admitted to be introduced, Mike Morris testified in substance that he thought he would know

the knife Stephen Denison cut Bryant Morris with, and, after examination of the knife afterwards introduced, testified that it was the "same kind" of a knife, "same size," and "it is either that one or one just exactly like it." The foregoing identification was sufficient.

The final ground relied upon is that:

"The trial court erred in not granting the defendant a new trial on account of the improper separation of the jury after the case had been submitted to them and they had retired to make up a verdict."

The record supporting this assigned error is substantially as follows: The motion for a new trial contains the following ground, which is numbered paragraph 8:

"The verdict of the jury convicting defendant should be set aside because of improper conduct on the part of the jury in this, to wit: That this case went to the jury about 6 o'clock, p. m., on the 10th day of February 1921; the jury retired to consider their verdict and remained in the jury room about an hour; that they then went to the Rouleau Hotel in charge of the bailiff; that said bailiff had been placed under oath to keep the jury together and not to talk or permit any one else to talk to or communicate with them, and that one of the jurors, to wit, R. C. Newton, separated himself from said jury and went into the Kniseley Bros. drug store and thereafter went to the said Rouleau Hotel; that there were several persons in Kniseley Bros. drug store at the time said R. C. Newton went into said drug store; that there were several persons along the street between Kniseley Bros. drug store and the Rouleau Hotel; that immediately after said R. C. Newton came out of Kniseley Bros. drug store the Denison case was being discussed by the parties in said drug store; that by virtue of said separation of said jury the defendant's rights have been and were jeopardized."

The foregoing paragraph of the motion for new trial is verified by the oath of the defendant "that the statements contained in paragraph No. 8 are true and correct." This ground

for a new trial is unsupported by any other affidavit.

In support of this assignment of error counsel cited the case of Goins v. State, 9 Okla. Cr. 35, 130 Pac. 513, wherein it was held:

"Where a bailiff in charge of a jury, after the case has been finally submitted, permits a juror to leave the jury room to go out upon the streets, and such juror's conduct during his absence is unexplained, the trial court should sustain the motion for a new trial."

The rule stated in the Goins Case finds support in the other decisions of this court, but an examination of these decisions discloses that in each instance the motion for a new trial was not based alone upon the unsupported affidavit of the defendant. We believe that before a new trial should be granted on account of the misconduct of the jury after the cause is submitted, supported alone by the affidavit of the defendant, such affidavit should be full and explicit and indicate whether or not defendant was an eyewitness to such misconduct, and if not an eyewitness should state the names of persons from whom he obtained such information and further indicate the reason or reasons why he is unable to secure the affidavit of any other witness but himself to support his motion for a new trial. In the case of State v. Page, 212 Mo. 224, 110 S. W. 1057, the Supreme Court of Missouri, in dealing with the question here presented, had the following to say:

"The allegation in the motion for new trial on the ground of the misconduct of the jury, and that the sheriff was not properly sworn, is supported alone by the affidavit of the defendant. This motion for new trial absolutely finds no support from any disinterested witness or as to that from any witness other than the defendant himself. We are cited to numerous cases where new trials have been granted on the ground of the misconduct of the jury, and our attention is specially directed to the case of State v. Howland, 119 Mo. 419, 24 S. W. 1016, and

it is urged by counsel that particular stress was attached to the fact that the affidavit in that case in support of the motion was uncontradicted; but it will be observed in that case, as in all other adjudicated cases which disclose the parties making the affidavit that it was not resting upon the mere affidavit of the defendant, but was an affidavit made by other witnesses. The affidavit in the Howland Case was made by witnesses Barr and Bailey, and we are unwilling to hold that the mere affidavit of a defendant who has been convicted of a serious offense, charging misconduct upon the part of the jury, that it is absolutely essential that there should be some showing made by the state contradicting his affidavit. If that is to be the rule, then it would be hailed with great favor by persons who had been convicted of serious crimes who desired to avail themselves of it in order to procure a new trial, and would result in many cases which reach this court of having the record burdened with affidavits of officials and jurymen, for the purpose of contradicting statements made in an affidavit by the defendant alone. Whether there was any misconduct upon the part of the jury was a question of fact resting upon the circuit judge to determine, and while we do not mean to hold that there may not be instances where the granting of a new trial would be justified upon the unsupported affidavit of the defendant, yet we have no hesitancy in saying that, in order to warrant such course, the affidavit should be full and explicit, indicating fully as to whether or not he was an eyewitness—that is, witnessed personally the misconduct—or, if not, as to the persons from whom he obtained the information, and further indicating at least some sort of a reason why he is unable to secure the affidavit of any other witnesses aside from himself to support his motion for a new trial. The trial judge is entitled to have the presumption indulged that he dealt fairly and impartially with the defendant in the trial and disposition of his case. We are decidedly of the opinion that to allow the question as to whether a new trial should be granted upon the ground of misconduct of the jury, predicated upon the unsupported affidavit of the defendant, to rest with the trial judge, would in no way endanger the rights of a defendant or a fair and impartial administration of justice, and his position as the presiding judge at the trial is peculiarly one which gives him an opportunity of de-

termining the weight which should be attached to an unsupported affidavit made by the defendant who is seeking a new trial on the ground of misconduct of officials and jurors connected with the case, and, as before stated, the trial judge is entitled to have the presumption indulged that he will fairly and impartially determine the questions presented by such affidavit.''

In the case of Reagan v. State, 57 Tex. Cr. R. 642, 124 S. W. 685, it is held:

''Where affidavits in support of an application for new trial for alleged misconduct of the jury were not specific, and it was uncertain from the record whether the misconduct in fact occurred, the motion, in so far as it was based on such grounds, was properly denied.''

In this case it is not clear from the record whether the defendant was remanded to the custody of the sheriff before the cause was finally submitted to the jury. It is apparent, however, that this ground of the motion was never seriously urged in the trial court.

We think the rule as stated by the Supreme Court of Missouri in State v. Page, supra, is fair to the defendant; that before the state should be compelled to controvert such ground of the motion the defendant should indicate either that he had personal knowledge of such misconduct on the part of the jury or that he obtained such information from credible sources, and give the names of the witnesses by whom he believes such ground may be proved, otherwise the presumption will be indulged that he was fairly and impartially dealt with by the trial judge who must of necessity have had some information as to defendant's opportunity of knowing personally the matters and things set up in the motion. If in fact there was a separation

of the jury in the manner as set out in paragraph 8 of the motion, it is evident from the statements therein contained that the opportunity was open to the defendant, if such statements were true, to obtain the affidavits of witnesses who had personal knowledge of the fact of such separation in support of his motion. In previous decisions of this court, where new trials were granted upon this ground, such supporting affidavits were in each instance forthcoming. For reasons stated, we think there was no abuse of judicial discretion in overruling the motion for a new trial on this particular ground.

We have indicated our views upon the propositions discussed and relied upon for reversal of this judgment, and conclude that in our opinion the defendant was afforded a fair trial, and that the judgment of the trial court should be affirmed, and it is so ordered.

DOYLE and BESSEY, JJ., concur.