**STATE of Missouri, Respondent,**

**v.**

**Isaiah STINSON, Appellant.**

**No. 50378.**

Supreme Court of Missouri,

Division No. 2.

June 8, 1964.

Robert G. Duncan, Simon & Pierce, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

A jury found the appellant Isaiah Stinson guilty of robbery in the first degree and fixed his punishment at ten years' imprisonment.

Upon the trial of the case Isaiah was represented by court appointed counsel and likewise upon this appeal court appointed counsel has briefed and orally argued his cause. A notice of appeal was not timely filed (V.A.M.S. § 547.070; Sup.Ct. Rules 28.03, 28.04, V.A.M.R.), but upon Isaiah's application a special order was made (V.A.M.S. § 547.090, Sup.Ct.Rule 28.07) and he was permitted to file the notice out of time. In addition, since he appeals as a poor person, a complete transcript has been furnished and filed in this court. However, not only was there an untimely notice of appeal, there was no motion for a new trial (V.A.M.S. § 547.030; Sup.Ct. Rule 27.20(a)) and, therefore, many of the problems briefed and argued are not open questions in this court. State v. Parker, Mo., 310 S.W.2d 923; State v. Hurtt, Mo., 338 S.W.2d 876. The jury's verdict was returned on January 29, 1963, and upon allocution and in counsel's discussion with the court on February 19, 1963, concerning the final punishment and sentence to be imposed upon both Isaiah and one of his accomplices the court expressly called attention to the fact that there was no motion for a new trial, and in these circumstances there is no problem of his being improperly denied the right to timely file the motion (State v. Hecke, Mo., 328 S.W.2d 41; State v. Crow, Mo., 377 S.W.2d 129) and this court is necessarily limited in its review to those questions not required to be presented in a motion for new trial. State v. Parker, supra.

And in any event, the principal questions presented concern the information. While it does not appear from the information, there were three participants in the robbery and one of Isaiah's accomplice's had the gun, gave most of the directions and made the direct threats. Several of the appellant's complaints ignore the fact that in these circumstances, when two or more persons participate in a robbery and one is an accessory or constructively or actually present for the purpose of aiding in the commission of the robbery, all may be charged with the principal offense. V.A. M.S. § 556.170; State v. Johnson, Mo., 347 S.W.2d 220; State v. Tripp, Mo., 303 S.W.2d 627; State v. Thompson, Mo., 299 S.W.2d 468. One of the challenges is that the information was defective in alleging that the money was the property of Hugh Brady Swan, a filing station attendant, when in fact the money belonged to his employer. In support of the contention the appellant relies on State v. Morledge, 164 Mo. 522, 65 S.W. 226. But as soon as the court had the opportunity, it promptly overruled that case and held that the "clerk," or here the attendant, "had a sufficient ownership thereof, as against the defendant, to justify the laying of said money in him for the purposes of this prosecution against the defendant, who robbed him of the same, and a sufficient ownership to meet the requirement of the statute that said money should be laid as his." State v. Montgomery, 181 Mo. 19, 29, 79 S.W. 693, 696, 67 L.R.A. 343; V.A.M.S. § 560.120; Annotation 123 A.L.R. 1103. Another assignment is that the information is fatally defective "in that it does not allege or require a finding of the element of 'intent.'" It is not known whether the appellant refers to the intent with which the money was taken or to the intent with which the assault was made. In any event, unlike many other criminal offense statutes, the first degree robbery statute does not employ the word "intent," the statute says "feloniously taking the property of another" (V.A.M.S. § 560.120) and the word "felonious" classifies the offense but the word does not denominate a specific intent and does not necessarily spell out an essential element of the case. State v. Harris, Mo., 313 S.W.2d 664, 669, State v. Churchill, Mo., 299 S.W.2d 475. It has several times been held, in a robbery information, that it is "unnecessary to allege a felonious intent on the part of the defendants to convert the money to their own use and to deprive the owner thereof." State v. Moody, Mo., 312 S.W.2d 816, 818 and the cases there collected. As indicated from its failure to precisely and accurately allege the ownership of the money, the information is not a model, nevertheless it alleges an offense under the first degree robbery statute. State v. Perry, Mo., 233 S.W.2d 717; State v. Foster, Mo., 249 S.W.2d 371, 372.

The verdict was in proper form and fixed a punishment within the statute (V.A.M.S. § 560.135), there was allocution and the sentence and judgment are responsive to the verdict (Sup.Ct.Rules 27.08, 27.09), the appellant was present throughout all the proceedings (V.A.M.S. §§ 546.550–546.570) and as to all matters necessary to be considered by the court "upon the record before it" (Sup.Ct.Rule 28.02) there are no manifestly prejudicial errors and the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.