**STATE of Missouri, Respondent,**

**v.**

**Freddie MURRAY, Appellant.**

**No. 53356.**

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Martin M. Lipsitz, Special Asst. Atty. Gen., St. Louis, for respondent.

James E. Thompson, Jr., Harrisonville, and Paul E. Panek, Belton, for appellants.

DONNELLY, Presiding Judge.

Appellant, Freddie Murray, was convicted of first-degree robbery under § 560.120, RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Cass County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S. (as amended Laws 1959, S.B. 117), was assessed at imprisonment for a term of twenty-five years, with appellant to receive credit for all time spent in jail prior to trial and conviction.

Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

Appellant first contends the trial court erred in not sustaining his motion for new trial because the jurors were permitted to separate at a recess of the court during the trial of the case.

Section 546.230, RSMo 1959, V.A.M.S., reads in part as follows:

"With the consent of the prosecuting attorney and the defendant, the court may permit the jury to separate at any adjournment or recess of the court during the trial in all cases of felony, except in capital cases; * * *."

This statute has been construed to mean "that if the separation * * * of the jury takes place during the progress of a felony trial, the verdict will be set aside, unless the State affirmatively shows that the jurors were not subject to improper influences * * *." State v. Jones, 363 Mo. 998, 1007, 255 S.W.2d 801, 806; State v. Schlie, 350 Mo. 924, 169 S.W.2d 348.

The State argues that the mere fact that jurors are apart does not constitute the type of separation condemned by the statute and the cases. We agree. This Court has recognized that a mere physical separation does not violate a statute forbidding separation. However, this is true only when the separated jurors "remain in the custody and under the surveillance (not necessarily ocular) of the officer in charge of them." State v. Shawley, 334 Mo. 352, 382, 67 S.W.2d 74, 89. At a hearing held in connection with appellant's motion for new trial, appellant made a prima facie showing of violation of § 546.230, RSMo 1959, V.A.M.S. It is evident that two of the jurors did not remain in the custody and under the surveillance of the officer in charge of them. The State had the burden, under these circumstances, of affirmatively showing that these jurors were not improperly influenced. State v. Howland, 119 Mo. 419, 24 S.W. 1016. This burden was

not sustained prior to appeal. On April 28, 1969, this Court ordered a hearing on the question in the trial court. A hearing was had on May 27, 1969, and a transcript of the hearing was certified to this Court. We have reviewed the transcript and agree with the trial court that the jurors were not improperly influenced. Cf. State v. Blakely, Mo.Sup., 24 S.W.2d 1020, 1022.

Appellant next contends that the trial court erred in failing to direct a verdict of acquittal for appellant because there is no substantial evidence to support the verdict.

■ On July 22, 1965, at 3:00 o'clock in the morning, William Coke was working as an attendant at the Harry Cherry Service Station in Butler, Bates County, Missouri. An unknown man came in the office, drew a gun, and took money from Coke's shirt pocket. The assailant left in a car recognized by Coke as a black convertible with a white top. Coke then called the Butler police. Coke was unable to say how many persons were in the car as it left the service station.

Officer Walter Grimes came to the service station, took a description of the car, and proceeded west on Highway 52 at a high rate of speed. He came upon a 1959 Buick, white over black convertible, proceeding west on Highway 52. He stopped the car and placed the two occupants of the car under arrest. Appellant Freddie Murray was driving the car. Robert Gene Keeny was a passenger in the car.

Officer Grimes returned Murray and Keeny to the service station and Coke identified Keeny as the assailant. The car was then returned to the service station and Coke identified it as the car which left the station after the robbery.

Appellant contends that the "State has failed to introduce into evidence any substantial evidence directly associating this defendant with the crime that * * * is charged." We do not agree. One who aids in the commission of a crime and was present for the purpose of aiding in the commission of the crime is guilty as a principal in the first degree. Section 556.170, RSMo 1959, V.A.M.S.; State v. Herman, Mo.Sup., 280 S.W.2d 44; State v. Stinson, Mo.Sup., 379 S.W.2d 545; State v. Johnson, Mo.Sup., 347 S.W.2d 220; State v. Reich, 293 Mo. 415, 239 S.W. 835.

The jury could have found, under the evidence adduced, that appellant waited in the car while Keeny robbed Coke, and aided Keeny in the commission of the crime. The evidence was sufficient to make a case for the jury and appellant's motion for directed verdict of acquittal was properly overruled.

Appellant next contends that the trial court erred in the admission of evidence of a pistol and of money found on the persons of appellant and Keeny. As an incident to the arrest on Highway 52, Officer Walter Grimes searched the car and found a pistol under the left front seat. The money was discovered as a result of a subsequent search at the police station in Butler, Missouri.

■ We hold that the search for the pistol was incident to a lawful arrest. A felony had been committed and Officer Grimes had reasonable grounds to believe appellant was one of those who had committed it. State v. Nolan, 354 Mo. 980, 192 S.W.2d 1016. The arrest was lawful even though made outside the city limits of Butler. Therefore, the search of the automobile and seizure of the pistol was lawful. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; State v. Conley, Mo.Sup., 238 S.W. 804.

■ We further hold that the search of appellant's person at the police station for fruits of the crime was incident to a lawful arrest. The lapse of time between the arrest and the search does not "preclude the search being an incident of the arrest." State v. Green, Mo.Sup., 292 S.W.2d 283, 287. Appellant has no legal standing to complain of the search of Keeny's person. State v. Green, supra.

The trial court did not err in the admission of evidence of the pistol and money.

Appellant next complains of the instructions given. Our ruling on appellant's claim of error in refusing to direct a verdict of acquittal shows his contentions to be without merit. The instructions given stated the principle of § 556.170, supra, making all persons guilty as principals who act with common intent and who aid, abet, assist, advise or encourage the crime.

█ The final question which must be considered on appeal involves appellant's contention that the trial court erred in failing to discharge appellant from custody for failure to grant appellant a speedy trial.

Appellant was first confined in jail in Bates County on July 22, 1965. The next term of court in Bates County began the second Monday in October, 1965. Section 478.275, RSMo 1959, V.A.M.S. On October 11, 1965, an information was filed, appellant appeared in person, and Robert L. Spurrier and Harold Caskey were appointed to defend him. Appellant was granted ten days to prepare motions, and, on October 21, 1965, filed a motion to dismiss, quash and abate information, and for discharge from custody. On November 5, 1965, testimony was heard on the motion, and the matter was taken under advisement. On December 1, 1965, appellant's motion was overruled.

The next term of court in Bates County began the first Monday in February, 1966. Section 478.275, supra. On February 3, 1966, an amended information was filed by leave of court. On February 7, 1966, appellant appeared with his attorneys, Spurrier and Caskey, entered a plea of not guilty, and the cause was set for trial on February 26, 1966. On February 19, 1966, appellant filed application for disqualification of Judge W. O. Jackson. On February 26, 1966, Judge Jackson sustained the application and directed the clerk to request the Supreme Court to assign another judge. On April 1, 1966, the Supreme Court assigned Judge Frank W. Hayes of the 18th Judicial Circuit to hear the case.

The next term of court in Bates County began the fourth Monday in May, 1966. Section 478.275, supra. No proceedings were held in the May Term, 1966. The next term of court in Bates County began the second Monday in October, 1966. The case was set for trial on November 22, 1966. On November 18, 1966, appellant filed an application for change of venue from Bates County. On November 21, 1966, appellant filed a motion to dismiss, quash and abate information, and for discharge from custody. On November 22, 1966, the parties appeared but the case was not brought to trial. On November 23, 1966, appellant withdrew his application for change of venue. On January 18, 1967, attorney Harold Caskey, newly-elected prosecuting attorney of Bates County, was permitted to withdraw as attorney for appellant, and Ralph E. Smith was appointed special prosecuting attorney. On January 24, 1967, Robert L. Spurrier filed an application to withdraw as attorney for appellant at appellant's request. On January 26, 1967, Robert L. Spurrier was permitted to withdraw, and H. H. McNabb, Jr., was appointed attorney for appellant.

The next term of court in Bates County began the first Monday in February, 1967. On February 18, 1967, the parties appeared and a hearing was held on a motion to suppress evidence, and on a motion to discharge for failure to grant a speedy trial. These motions were overruled, and on said date appellant refiled his application for change of venue, and the cause was transferred to the Circuit Court of Cass County.

The next term of court in Cass County began the first Monday in May, 1967. Section 478.250, RSMo 1959, V.A.M.S. The case was set for trial in Cass County on June 19, 1967. On June 19, 1967, the parties appeared and the jury was sworn, but the Court discovered the transcript from Bates County showed no order of change

of venue, and that the Circuit Court of Cass County had no jurisdiction of the cause. On June 20, 1967, a copy of the minutes from the docket of Bates County was filed in Cass County, showing transfer on change of venue to Cass County. The case was then set for trial on June 28, 1967, and the case proceeded to trial on June 28, 1967.

Appellant was lodged in jail from July 22, 1965, until trial. When sentenced, he was given credit for all time spent in jail prior to trial and conviction.

Section 545.890, RSMo 1959, V.A.M.S., reads as follows:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

Section 545.920, RSMo 1959, V.A.M.S., reads as follows:

"In all cities or counties in this state in which there shall be more than two regular terms of the court having jurisdiction of criminal cases, the defendant shall not be entitled to be discharged for the reasons and under the circumstances mentioned in section 545.890 until the end of the third term after the indictment was found, and under the circumstances mentioned in section 545.900, the defendant shall not be entitled to be discharged until the end of the fourth term after the indictment was found, and in either case the matter of discharge shall, at the end of such third and fourth terms, be governed by the provisions of section 545.910."

In State v. Hicks, 353 Mo. 950, 953, 185 S.W.2d 650, 651, 652, this Court said: "Statutory enactments of this nature may be waived by a defendant, being enacted for the benefit of an accused and implementing his constitutional right to a speedy trial. They, as their language indicates and as has been held, are to prevent unreasonable delays in prosecutions, forestalling the protracted imprisonment or harassment of one accused of crime. Their purpose is not to furnish a technical escape from trial and punishment or to forfeit any rights of the public, when the public's representatives are not at fault, to safeguard that law and order necessary for the preservation of society and made effective through the punishment of criminals for their wrongs. Their effect is that an accused 'shall not be deprived of a speedy trial on account of the laches of the state.' "

What constitutes laches within the meaning of § 545.890, RSMo 1959, V.A.M.S., was construed in State v. Nelson, Mo.Sup., 279 S.W. 401, at 403, to be the failure of the State to justly afford the accused "such a speedy hearing and determination of the charge against him as is accorded by the Constitution." See Section 18(a) of Article I of the Constitution of Missouri, V.A.M.S. We have examined the record and do not believe Missouri law requires that appellant be discharged. Cf. State v. Mace, Mo.Sup., 427 S.W.2d 507.

We note that the United States Supreme Court, in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, "held that, by virtue of the Fourteenth Amendment, the Sixth Amendment right to a speedy trial is enforceable against the States as 'one of the most basic rights preserved by our Constitution.' " Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607. However, we decline to discharge appellant on this record.

The judgment is affirmed.

All of the Judges concur.