**STATE of Missouri, Respondent,**

v.

**John W. HUNT, Appellant.**

No. 55479.

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

C. A. Powell, Dexter, for appellant.

PRITCHARD, Commissioner.

By the verdict of a jury appellant was convicted of stealing an outboard motor, of a value of at least Fifty Dollars ($50) as charged in the information. Upon being found to be a second offender by the court, appellant was sentenced by it to five years imprisonment in the Department of Corrections.

The submissibility of the state's case is not questioned. So far as concerns the issues here the facts are these: Cecil Hicks owned a 1961 40-horsepower outboard motor which he saw attached to his boat at his home on September 11, 1969. That

evening, when he returned home about 8:15, he found a pair of sunglasses in the garage. The next morning the motor was gone and Cecil saw some yellow paint shavings in the bottom of the boat. Later that day he saw appellant and Harold Stout in a green 1962 station wagon parked by the side of Route E about one mile east of Bloomfield, Missouri.

Margie Hueckel saw a green station wagon with a man sitting in it parked in Cecil's driveway about 6:30 or 7:00 p. m. on September 11, 1969. Her husband, Larry Hueckel, saw a dark green station wagon, with two persons in it, about 6:00 p. m. about one-fourth mile north of Cecil's home, and at 7:00 o'clock he saw the station wagon backed up in Cecil's driveway. There was on the latter occasion a man standing looking over the car. Herman Horn was driving a tractor in a field back of Cecil's house and saw a dark green Ford station wagon with a light green fender, with two men in it, about 5:30 to 6:30 the same afternoon. It went into Charles Fowler's driveway which was about 100 yards from Cecil's home. Gary Crites saw the green car in Cecil's driveway on the evening of September 11, and saw a man in it who appeared to have a profile similar to appellant's. Appellant and Harold Stout spent the night of September 10, 1969 at the home of Anna McRoy in Bloomfield. They were driving a green station wagon in which they went to Sikeston on the morning of September 11, then left Anna's home about 4:30 p. m. of that day.

Harold Stout testified for the state that he and appellant went to Cecil's house on September 11 and took a motor for a motorboat. Appellant took it off the boat and Harold helped him load it into the station wagon. The two went to a tavern and then separated, and Harold did not see the motor again.

■ Appellant urges that Instruction No. 3A on the subject of circumstantial evi-

dence should not have been given because there was direct evidence that appellant was guilty of the crime charged against him (that of accomplice, Stout). He says that some of the jurors could have found appellant guilty on the direct evidence but not on circumstantial evidence, and others on circumstantial evidence but not on direct evidence. Cited by appellant are several earlier cases holding that where there is direct evidence of the offense charged an instruction on circumstantial evidence is not warranted. State v. Dipley, 242 Mo. 461, 147 S.W. 111, 114; State v. Nasello, 325 Mo. 442, 30 S.W.2d 132, 138; State v. Steinkraus, 244 Mo. 152, 148 S.W. 877, 879; and State v. Crone, 209 Mo. 316, 108 S.W. 555. But appellant himself calls attention to the case of State v. Arnett, 338 Mo. 907, 92 S.W.2d 897, 901, holding that if a case partially depends upon circumstantial evidence it is proper, but not mandatory, to instruct thereon; and that such instructions are favorable to a defendant. See also State v. Huff, 353 Mo. 791, 184 S.W.2d 447; and State v. Washington, Mo., 364 S.W.2d 572, 576 [11, 12]. In this case, the circumstantial evidence put appellant and the green station wagon, which he and Stout had been driving, at the scene. It was thus corroborative of the direct evidence of Stout. No error appears. The last-mentioned cases control, and Point I is overruled.

■ After both appellant and the state had rested, appellant requested the court to reopen the case to permit him to offer into evidence a check dated September 11, 1969 which had been written by Estelle Cathey (an alibi witness of appellant). Mrs. Cathey referred to the check in her testimony as being her car payment due on September 11, 1969. Appellant assigns as error the court's refusal to reopen the case, but says that he has found no case in Missouri holding that a trial court abuses its discretion in refusing to permit a defendant to reopen a case to offer additional evidence. The cases hold that the matter of reopen-

ing a case for the purpose of receiving additional evidence rests within the sound discretion of the trial court, and absent an abuse of discretion the trial court's ruling will not be disturbed. State v. Gagallarritti, Mo., 377 S.W.2d 298, 302 [6] and cases and authority cited. The evidence of the date of the check would be merely cumulative of Mrs. Cathey's testimony that appellant was in her home on the date of the offense. No abuse of discretion appears and Point II is overruled.

During the course of the reading of instructions to the jury juror Hood became ill. The court directed that the bailiff, Deputy Sheriff Cockrell, take juror Hood to the jury room to assist him. On an after-trial hearing it was developed that Sheriff Edsel Edwards took a towel into the room for juror Hood at which time Cockrell was also there. Sheriff Edwards testified that he had no conversation with juror Hood and did not attempt to influence him or any other juror concerning the case. Cockrell's testimony was the same. No reversible error occurred as appellant concedes, citing State v. Perno, Mo., 23 S.W.2d 87, 89, a case involving similar facts. See also State v. Tarwater, 293 Mo. 273, 239 S.W. 480; and State v. Murray, Mo., 445 S.W.2d 296, 297 on the subject of separation of a jury in felony cases. Here, as in those cases, the state has shown that the juror was not improperly influenced, and Point III is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.